WILLIAM H. CLARK, plaintiff in error, vs. ALSTON B.
CROFT, defendant in error.

1. Where during the trial of a suit on the law side of the superior court,
the defendant was absent, and his attorney moved to file, as a plea, a
certain bill in equity which the defendant had presented to the judge,
asking an injunction of the common law suit, which bill was sworn to
according to the usual form for verifying bills in chancery, but which
the judge had not acted on, and the motion was denied on the ground,
that though the facts set forth in the bill made a good plea, they were
not sworn to as required by law :
Held, that this was error, as there was a substantial compliance with the
law for the verification of pleas.
2. It is a good plea in defense to a note given for land, that a bond was
given by the plaintiff to make a good title to the land on the payment
of the price, free from *liens and incumbrances*, and that at the time of
the making of the bond certain liens were known to exist ; that the
true title to the land was in several persons, of whom plaintiff was one ;
that it was the intent of the parties that the plaintiff should take up the
liens and procure a title from the others before payment of the note ;
that the liens were still subsisting and the titles from the other joint
owners still not obtained, and that the defendant had offered and was
still willing and ready to pay on compliance with the contract.

Pleadings.    Bond · for titles.    New trial.    Before Judge
BUCHANAN.    Troup Superior Court.    November Term, 1872.

Croft brought complaint against Clark on two promissory
notes, each dated May 1st, 1869, one for $1,250 00, payable
to A. B., L. L. and G. N. Croft or bearer, on the first day of
December next after the date thereof; the other for $450 00,
payable one day after the date thereof, to the same payees or
bearer.    Upon the last note were credits to the amount of
$300 00.

The defendant pleaded the general issue, and failure of con-
sideration.    The second plea was, in substance, as follows :

That the notes sued on were given for a house and lot in the town of West Point, in the state of Georgia, in which Alston B. Croft, Mary L. Croft, (now Mary L. Harper,) Levy L. Croft, George N. Croft, Cleaveland L. Croft, Elizabeth Lyon, (now deceased,) and Florida C. Ward were interested. That the plaintiff gave to the defendant a bond to convey to him a perfect title upon the payment of the aforesaid notes. That he has been ready to pay said notes, provided he was satisfied that the plaintiff could comply with the condition of the aforesaid bond, but the plaintiff is unable to convey such title on account of the interest of the above named parties in the property sold. That there are judgments outstanding which operate as liens upon said house and lot, especially judgments against the plaintiff. That the plaintiff is indebted to the defendant in various amounts, which it was agreed should be credited on the aforesaid notes. That the plaintiff has not sufficient property, beyond that allowed him by the homestead law, to make the defendant secure, should he rely solely upon his bond.

When the case was called for trial, the defendant proposed to file a bill in equity as an amended plea. This bill had been prepared by him for the purpose of enjoining the aforesaid suit. It recited the facts set forth in the above plea, and also that the said plaintiff (in the common law suit) had contracted in his said bond that he would convey and assure, or cause to be conveyed and assured, the premises aforesaid to the defendant, or to such one and such persons as he should appoint or direct, free from mortgage or incumbrance, by such conveyance as said defendant might reasonably demand, upon the payment of the notes sued on. That at the time of said contract, it was understood between the parties thereto and referred to by them, that there were other parties who were interested in the property sold as heirs and legatees, and whose rights were "to be divested according to law," or else they would stand as among the incumbrances referred to in said contract.

To this bill was appended the following affidavit:

"GEORGIA—TROUP COUNTY.

"You, William H. Clark, do solemnly swear that the facts contained and set forth in this your bill in equity, as far as concern your own act and deed, are true of your own knowledge, and that which relates to the act or deed of any other persons, you believe to be true. So help you God.

(Signed)                          "W. H. CLARK.

"Sworn to and subscribed before me,

this 9th day of November, 1871.

"W. F. WRIGHT, J. S. C. T. C."

This bill had been previously presented to the chancellor, but for various reasons had never been acted on.

It was objected by the plaintiff that there was nothing to amend by, as the pleas heretofore filed had been withdrawn at a previous term of the court for the purpose of being perfected. This was denied by defendant, but to prevent any question thereon he proposed then and there to file the two pleas above set forth, as well as said bill in equity, as his defense to said action. This the court refused to permit, and allowed a judgment by default to be entered.

The defendant moved for a new trial because of error in the aforesaid ruling. The motion was overruled, and defendant excepted.

This case was tried before Judge Wright, and the motion for a new trial heard before Judge Buchanan, his successor.

B. H. BIGHAM, for plaintiff in error.

LONGLEY & HARRIS, for defendant.

McCAY, Judge.

1. We do not exactly understand why the bill offered as a plea was stricken. It was sworn to according to the form prescribed by the rule of court. Verification to the best of one's belief of matters not in one's own knowledge, but resting in the knowledge of others, is all that any man can do, and as pleas must, from the nature of things, often turn on facts not

Clark vs. Croft.

known to the defendant of his own knowledge, it follows that this kind of verification ought to be sufficient.

2. We think, if the facts set forth in the bill be true, the defense ought to succeed. In effect the paper set forth is an agreement to make a title free from liens and incumbrances. It is alleged that at the time of the bargain, certain liens and incumbrances were known to exist, and that the object in putting this unusual condition in the bond was, that they were to be removed before the money was paid. As these words are in the bond, in writing, and as we understand the meaning of them, we take it that the title is to be made not only with a warranty against liens and incumbrances, but that there were to be no liens or incumbrances when the money was paid and the title made. There would seem to be no other motive for the special introduction of these words; good warranty title would, under our law, cover liens and incumbrances, and it is usual to draw bonds for titles with these words only. If this be the proper construction, and we think it is, especially in view of the facts as they are stated to have existed at the time, we think it is a condition precedent that all liens should be removed before payment, and that the defendant may resist a judgment as long as he can show such liens exist. This is not the case of a simple warranty where the maker of the notes relies on the warranty, but by the terms of the contract, the parties have made the removal of the liens a condition precedent. On the question of continuance we say nothing, as we would not interfere with the discretion of the court. We will, however, say that it must be a very strong case indeed when an amendment to the pleadings—even to put in a plea where there is none—ought, under our law, to be denied. The statute says that either party may amend in any stage of the case, and except as to dilatory pleas and pleas of *non est factum*, when, from the nature of things, the first term is the only time to plead, unless for strong cause shown, we know no limit to the right to amend, except the terms the judge may put upon the amending party.

Judgment reversed.