## PHINEAS B. BARTLETT *et al.*

### *v.*

## CELESTIA BLAINE.

1. FRAUD—*when action lies for fraudulent representations.* A mere fraudulent representation is not actionable *per se.* To recover, the plaintiff must not only show that the representations were made, and that they were false and fraudulent, but he must also show, affirmatively, that he has been injured thereby—that he is, in some way, placed in a worse condition than he would have been had the words been true.

2. Where a party induced a creditor to sign a composition agreement, whereby he accepted one-half of his claim in full, upon the representation of his debtor that no person had received any other thing, etc., the fact that the debtor had given his note for $500 to induce another creditor to sign the same agreement, which note, upon suit thereon, was adjudged void, is not sufficient to avoid the contract of composition, as it worked no injury to the creditor.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Messrs. McClellan, Hodges & Cummins, for the appellants.

Mr. Frederic Ullman, for the appellee.

Mr. Justice Dickey delivered the opinion of the Court:

This is an action on the case, for fraud, by appellants against appellee. The plea was, not guilty. The verdict was, not guilty, and judgment for appellee for costs, and appellants appeal to this court.

Counsel for appellants do not contend that any right of recovery was shown, except under the second count in the declaration. Under that count it was proven, on the trial, that, on the 10th day of February, defendant was indebted to plaintiffs in the sum of $2094.67, and that he was indebted to other creditors amounting, in all, to the sum of $62,297.17, and that his assets at the time were of the value of $35,836.00; that proceedings in bankruptcy, instituted against appellee, were pending in the Federal Court; that appellee was trying to induce all his creditors to sign articles of compromise, by which each should accept 50 cents on the dollar, and release appellee; that most of the creditors had consented to do so, and had signed the composition agreement, and, among them, Peake, Opdyke & Co. had signed, whose claim was $4702.45; that, under these circumstances, Blaine called upon Hodges, the attorney and agent of plaintiffs, and induced him to sign the firm name of appellants to the article of settlement in consideration of the 50 per cent they should receive under the composition, and in consideration that certain representations made by Blaine at that time were true; that, before so signing, Hodges, in behalf of plaintiffs, demanded and received from Blaine a statement in writing, signed by him, in which he, among other things, stated that (other than $300 to be paid to one Colby for his services, and to cover costs in the bankruptcy proceedings,) "*no person has received* or shall receive any other compensation in the premises, directly or indirectly." Proof was also given tend-

ing to show that before the time when Blaine signed this statement he had signed a note of $500 to one Bullene, an agent of Peake, Opdyke & Co., to induce Bullene to procure his principals to sign the composition articles, and that at the time Blaine signed such statement this $500 note was outstanding. Proof was also given tending to show, Blaine had been sued upon this $500 note, and had defended the same upon the ground that it was void for duress in the procuring of its execution, and that, on a trial on the merits in that case, it was so adjudged.

In this case plaintiffs were paid the amount provided for in the composition articles, and then sued for the balance of their original claim, seeking to avoid the effect of the composition on account of the fact that this Bullene note had been given, and therefore the statement of Blaine upon which the composition was accepted by plaintiff was untrue when it was made.

This Bullene note was adjudged void. Void things, in law, are equivalent to *no* things. The existence of a void note was not, in substance, incompatible with the statement that "no person had received any other thing," etc. This is not sufficient to invalidate the contract of composition.

Again, a mere *fraudulent* representation is not actionable *per se.* If a man utter slanderous words of his neighbor, the neighbor may have his action, though he be not damaged by the words spoken. If a man, upon a valuable consideration, promise to another that he will do any given thing, and fail to perform his promise, an action lies for the breach of promise, though no damage be done. Not so in an action for fraudulent representations. In such action, the plaintiff must not only show that the representations were made, and that they were false and fraudulent, but he must also show, affirmatively, that he has been injured thereby—that he is, in some way, in a worse condition than he would have been had the words been true.

In this case, no such thing is shown. Plaintiffs have never been called upon to pay this note to Bullene, nor could they be. The existence of the note has in no way prevented them from getting promptly their 50 per cent upon their claim, according to the terms of their contract. It is said, however,

that they were thereby induced to sign the composition articles, but there is no attempt to prove that they are in any worse condition than they would have been if they had not signed.

They had a claim against a man insolvent, his hands tied by a bankruptcy proceeding pending, with over $60,000 of liabilities and only about $35,000 of assets.

No proof is offered to prove that the demand of plaintiffs, under the circumstances, was of any greater value than the money they accepted therefor.

The plaintiffs, on the record, failed to make out a cause of action at the trial below. Assuming all the evidence given in their behalf to be true, and adopting all the inferences which might reasonably be drawn from the evidence in plaintiffs' favor, no cause of action is shown.

It is therefore unnecessary to examine the instructions given.

The judgment is affirmed.

*Judgment affirmed.*