## WOODRUFF & COMPANY vs. SAUL.

| | |
|---|---|
| 70 | 271 |
| 96 | 61 |
| 70 | 271 |
| 105 | 118 |
| 70 | 271 |
| f 111 | 410 |
| 70 | 271 |
| 123 | 816 |
| 70 | 271 |
| 125 | 78 |

1. Where a debtor agrees with his creditors that he will pay them a certain per cent. of his liabilities, in consideration that they are to discharge him from his debts, if he privately agrees to give one a better or further security or to pay one more than the others, the contract with the other creditors is void.

2. If a debtor misrepresents or suppresses any material fact in the statement of his affairs, either as to the amount of his property or the amount of his indebtedness, the composition agreement is void.

3. At common law, the misrepresentation of a material fact made by one of the parties to a contract, though made by mistake and innocently, if acted on by the opposite party, constitutes legal fraud.

(a.) Where a contract of composition was made in Tennessee, if nothing appears to the contrary, the presumption is that the rules of the common law prevail there, and they should be given in charge. It was, therefore, error in this case to charge that the debtor must know his representations to be false, in order to avoid the settlement made.

May 1, 1883.

Debtor and Creditor. Fraud. Contracts. Presumption. Laws. Before Judge CLARK. City Court of Atlanta. June Term, 1882.

Reported in the decision.

REUBEN ARNOLD; SAMUEL BARNETT, Jr., for plaintiffs in error.

C. W. SMITH; MYNATT & HOWELL, for defendant.

CRAWFORD, Justice.

W. W. Woodruff & Company sued W. S. Saul on an account for the sum of $116.05; the defendant filed no plea, but answered at the first term, and relied upon that as the filing of the general issue. Under amendments made to the plaintiffs' declaration, and the testimony submitted, the case finally turned upon the liability of the defendant to pay the account, notwithstanding the fact

that the plaintiffs, under a deed of assignment, had agreed to accept fifty cents in the dollar in full payment of the said debt. This liability was claimed upon the ground that this acceptance and agreement was procured by the false and fraudulent representations of the defendant, and therefore void. Under the evidence and charge of the court, the jury found for the defendant.

The plaintiffs moved for a new trial, upon the several grounds contained in their motion, which was refused, and they excepted. The grounds of the motion which control the case arise upon the law as charged, and the refusals to charge certain legal principles, requested in writing by the plaintiffs in error. Many requests to charge were asked, but they involved in substance only two legal principles. These were, first, that if the defendant debtor made any secret arrangements with a portion of his creditors, by which he was to give them anything outside of the settlement, and more than was to be paid to the other creditors, then the composition agreement was void, because a fraud on them; and second, that if there were any misrepresentations or concealments by the debtor as to his assets or liabilities, this was a fraud upon the creditors, and made the contract of settlement and acceptance void.

1. That these are correct legal principles there can be no question. Where a debtor agrees with his creditors that he will pay them a certain per cent. of his liabilities, in consideration that they are to discharge him from his debts, if he privately agree to give a better or further security, or to pay to one more than the others, the contract with the other creditors is void. Story's Eq. Jur., §§378, 379, and notes; Kerr on Frauds, 214 and cases cited; 4 East, 380; 11 Ib., 393; 6 Ves., 300; 15 Ib., 55; 4 Barn. & C., 511.

2. If a debtor misrepresents or suppresses any material fact in the statement of his affairs, either as to the amount of his property, or the amount of his indebtedness, the com-

position agreement is void. Bump on Composition at Common Law, p. 20, 21, 22, and authorities cited; 6 Term Rep., 263; 43 Conn., 160; 83 Ill., 25; 23 N. H., 519.

3. The error complained of in the charge given, is that the debtor must know his representations to be false, to make the settlement void. It is thoroughly well settled by the common law that the misrepresentation of a material fact, made by one of the parties to a contract, though made by mistake and innocently, if acted on by the opposite party, constitutes legal fraud. Story's Eq., 191 *et seq.;* Kerr on Fraud and Mistake, 53 *et seq.*; 6 *Ga.*, 458.

This contract of composition having been made in Tennessee, the presumption is, if nothing else appear, that the rules of the common law prevail there, and that the above legal principle should have been given in charge to the jury instead of that which was given.

We are not unmindful that the counsel for the defendant in error relied upon the fact that the testimony submitted on the trial was not such as to warrant the charges asked, and therefore, there was no error in their refusal. We think, however, that the proof was such as to authorize the judge to have charged these principles, so that if the jury should have believed the facts to have been as claimed by the plaintiffs, then they might have found for them.

Judgment reversed.