## MALLARD *v.* ALLRED.

</div>

1. A purchaser of land who is in possession under a bond for titles can not have relief in equity against his contract to pay, on the mere ground of a defect in title, unless he allege that the vendor is insolvent, or a non-resi-

dent, or some other fact which would make it inequitable for the vendor to enforce the payment of the purchase-money.

(a) When a plea seeking relief of the character above referred to fails to allege that the vendee is out of possession, "the conclusion of law is that he is in possession under the contract of purchase set forth."

2. Where a purchaser of land who is in possession under a bond for titles seeks to defeat an action on a promissory note given as a part of the purchase-price, on the ground that his vendor is insolvent and unable to respond in damages for a breach of the bond arising from a defect in title to the property, the insolvency must be distinctly alleged. An allegation "on information and belief" of facts, which does not clearly show an insolvency, is too uncertain.

<div align="center">Argued December 14, 1898. — Decided February 11, 1899.</div>

Complaint.    Before Judge, Reid.    City court of Atlanta. April 2, 1898.

*Anderson, Felder & Davis,* for plaintiff in error.
*Maddox & Terrell,* contra.

COBB, J.    Allred brought suit against Mallard on a promissory note for $24,000.    The defendant pleaded that the note was given as a part of the purchase-money of certain mining lands; that he had paid one thousand dollars cash and had given two notes, the one sued on and another for the sum of $25,000, and had taken from the plaintiff a bond for titles. At the time of making the trade plaintiff represented that he was the owner of all of the property except one parcel known as part of the W. B. Tate tract.    Since the signing of the note defendant has learned that the plaintiff has only a bond for titles to other parts of the property which he contracted to sell defendant and which constitute the larger portion of the land bought, known as the Darnell place.    Plaintiff is indebted in the sum of nineteen thousand dollars for the purchase of the part of the W. B. Tate tract above mentioned, and in the sum of $10,000 for the purchase of the Darnell place.    Defendant is "not very well acquainted with the financial condition of the plaintiff, but charges on information and belief that he is a man of small property, not owning enough to afford this defendant any security for paying him the large sum of money demanded in the suit, and if defendant should pay the same to the plaintiff, who is not in a position to bind the title by contract of sale, defendant would lose all of the money paid by

him unless the said plaintiff should pay up all of the purchase-money due by him to the real owners of the land. The prayer of the plea was "that the said plaintiff be nonsuited and his case dismissed for the reason that the same is prematurely brought, and that defendant be hence dismissed with his reasonable costs." The plaintiff demurred to the defendant's plea, on the ground that what was therein contained did not amount to an allegation that the plaintiff was insolvent, and that in the absence of a distinct averment to that effect the plea set up no valid defense to the note sued on. The court sustained the demurrer and struck the plea, and the defendant excepted.

1. There was no error in sustaining the demurrer. The plea is an anomaly. It seems to be an effort to set up facts which would amount to a plea in bar, but its prayer is in abatement. There is no prayer for a rescission of the entire contract, nor an abatement of the purchase-price for the loss of that part of the land to which plaintiff has no title. It seeks to hold the plaintiff to his contract of sale, but at the same time denies his right to enforce it. As a plea in abatement it has no parallel; as a plea in bar it fails for want of essential averments. However classified, it is insufficient. To make it perfect as a plea in bar it was necessary that the defendant should distinctly allege, either that he is out of possession, or some ground of equitable interference recognized as available to one in possession. Where there has been anything like a substantial payment made on the purchase-price, it might be inferred that the holder of a bond for titles is in possession. *McGehee* v. *Jones*, 10 *Ga.* 127, 133. But it is not necessary in the present case to rely on such an inference to show that the plea was defective. The failure to allege in the plea that the defendant is out of possession authorizes the conclusion that he is in possession. In the case just cited Nisbet, J., says: "The bill does not show that Jones went into possession of these lands, but that fact is inferable from his complying, to so large an extent, with the contract, in paying the greater part of the purchase-money. Not much reliance, however, is placed upon this inference. To place himself out of the operation of the

rule which I am about to state, I conclude that the complainant in equity must show, by his bill, that he is out of possession. Coming into equity for relief, the complainant must make a case within the rule of law which authorizes the relief. If out of possession, I may concede, for the sake of the argument, that he is entitled to relief, but not otherwise. Not averring that fact, the conclusion of law is, that he is in possession, under the contract of purchase set forth. The rule, then, is this, to wit: *A purchaser of land, who is in possession, can not have relief in equity, against his contract to pay, on the mere ground of a defect of title, without a previous eviction.* When he goes in under a deed with covenants of warranty, and apprehends a failure of title, and wishes relief before eviction, he must resort to his covenants; if under a bond for titles, he must resort to his bond." See also *McCauley* v. *Moses,* 43 *Ga.* 577; *Smith* v. *Hudson,* 45 *Ga.* 208; *Booth* v. *Saffold,* 46 *Ga.* 278; *Black* v. *Walker,* 98 *Ga.* 31. The case of *Clark* v. *Croft,* 51 *Ga.* 368, relied on by counsel for plaintiff in error, is clearly distinguishable from the one now under consideration, as well as the cases cited supra. In that case there was a stipulation in the contract of sale that the removal of certain liens and incumbrances which were on the property should be a condition precedent to the payment of the purchase-money notes. Suit was brought on the notes before these incumbrances had been removed, and the defendant was properly allowed to plead the agreement between himself and the plaintiff. A resort to the courts by the plaintiff to collect the money before paying off the incumbrances was in itself a breach of the bond. The case of *McLaren* v. *Irvin,* 63 *Ga.* 275, was also relied on by the plaintiff in error. In that case it was alleged that there was outstanding paramount title in a stranger, and that the obligor in the bond was insolvent. In the present case, as we shall presently show, there was no sufficient allegation of the insolvency of the maker of the bond. The defendant not alleging that he was out of possession, he should, as a reason for refusing to pay the note given as a part of the purchase-money of the land, allege in his plea that the plaintiff is insolvent or a non-resident of the State, or some other fact of similar na-

ture which would make it inequitable for the plaintiff to enforce the contract of sale by compelling the defendant to pay the purchase-money, when the plaintiff was not clothed with title to the land which is the subject-matter of the contract.

2. The inability of the plaintiff to respond in damages for a breach of the bond being a fact essential to make the defense set up in the present case available, it is absolutely necessary that such insolvency should be unequivocally charged. *McGehee* v. *Jones*, supra. We do not think that the allegations in the defendant's plea as to this matter are sufficient. In the case last cited it was alleged that the plaintiff had been informed and believed that the defendant resided, or at least remained a greater portion of his time, out of the jurisdiction of the courts of the State, viz. in Alabama; that the great bulk of his property was there, and "that he has not sufficient property within the jurisdiction aforesaid to respond to your orator in damages for a breach of the condition of the bond aforesaid; nor has he in hand remaining enough of the assets of the estate to make good such damages; most of the assets having been distributed or otherwise disposed of by him." Judge Nisbet, in discussing this point, says: "He does not aver that the executor has no assets to pay the damages: he says that he has not in hand sufficient for that purpose, and adds that *most* of the assets have been paid out or distributed. There is no certainty in the averment." In the present case the defendant charges "on information and belief" that the plaintiff is "a man of small property, not owning enough to afford this defendant any security for paying him the large sum of money demanded in his suit." This averment commits the defendant to "almost nothing." *Martin* v. *Lamb*, 77 *Ga.* 252; *Stancel* v. *Puryear*, 58 *Ga.* 445, and cases cited. It is true the defendant does go further and aver that he "would lose all of the money paid by him unless the said plaintiff should pay up all of the purchase-money due by him to the real owners of the land." But this allegation relates back to, and depends upon, the former averment that plaintiff is "a man of small property and unable to afford defendant security," and this charge is based merely "on information and belief." Equity would, of course, interfere

and grant relief against a palpable fraud on the part of the obligor in the bond for titles, but there is no allegation in the plea in the present case sufficient to constitute a charge of fraud. An allegation that the plaintiff represented that he was the owner of certain land which he contracted to sell to the defendant, whereas in fact he was in possession of it under a bond for titles, would not be sufficient, without more, for this purpose. Especially would this be true in the case now under consideration, where the only prayer in the plea is to dismiss the suit in order that the vendor may have an opportunity to acquire title to the property which he has contracted to sell, and there is no prayer for a rescission of the contract on account of the facts alleged to constitute a fraud upon the defendant. There was no error in sustaining the demurrer.

·  - *Judgment affirmed.  All the Justices concurring.*