## GOULD v. SMALL.

This being a suit by the indorsee of a negotiable promissory note against one
of the makers thereof, the defense being failure of consideration and knowl-
edge of such failure by the plaintiff at the time he took the note ; and the
defendant having failed to carry the burden of showing that the considera-
tion of the note had failed, it was not error for the court to direct a verdict
for the plaintiff for the full amount sued for.

Argued October 25, 1904. — Decided January 28, 1905.

Complaint on note.    Before Judge Hodges.    City court of
Macon.    August 5, 1904.

*John R. L. Smith*, for plaintiff in error.
*Steed & Ryals*, contra.

CANDLER, J.    Roush and Gould executed to Thompson and
Minchew their promissory note for $500, due four months after
date.    The note was transferred to Small for value and before
maturity ; and upon default in payment Small brought suit against
Roush and Gould as makers and Thompson and Minchew as in-
dorsers.    Gould filed a separate answer, in which he pleaded
failure of consideration, and averred that Small had notice of this
defense when the note was negotiated.    At the conclusion of the
evidence the judge directed a verdict for the plaintiff for the full
amount sued for, and Gould excepted.    The note sued on was
given for part of the purchase-price of certain timber situated on a
tract of land known as the Redd Minchew place.    This land lay
partly in Bibb and partly in Twiggs county ; but the evidence is
undisputed that it constituted an entire tract.    Roush and Gould
went into possession and began cutting the timber on the portion
of the land in Bibb county.    The land in Twiggs county lay ad-
jacent to property owned by Small and others, and there was evi-
dence tending to show that there was a dispute as to the boundary
between the two pieces of land.    An agent of the adjacent pro-
prietors testified that he warned Gould and Roush not to cut any
timber from a designated piece of land unless they could show
that it was not part of the land owned by his principals.    Other
witnesses testified to the same effect.    A number of deeds were
put in evidence by Gould, for the purpose of proving that at the
time of the execution of the contract for the sale of the timber

there was outstanding a title to the land paramount to that of Thompson and Minchew. It was admitted, however, that they had never been ousted of possession; and possession once shown will be presumed to have continued until the contrary is shown. *Coleman* v. *Rice*, 105 *Ga.* 164. Nor was there any effort to prove fraud on the part of Thompson and Minchew, or that they were insolvent; and under the ruling of this court in *Black* v. *Walker*, 98 *Ga.* 31, the fact that there was an outstanding title paramount to that of their vendors would not avail as a defense to an action on their note for the purchase-money, unless there existed some additional ground, of the nature indicated, to authorize equitable interference with the carrying out of the contract as made. See also *Mallard* v. *Allred*, 106 *Ga.* 503.

It was argued by counsel for the plaintiff in error that Gould was entitled to a verdict in the court below, for the reason that Thompson and Minchew had no deed to the land on record, and that therefore, if Gould should go on the land and cut the timber he would be guilty of a misdemeanor under the act approved December 20, 1899 (Acts 1899, p. 59). His brief does not elaborate this point; but we understand the contention to be that unless Thompson and Minchew had a recorded deed, Gould would have no right to cut the timber, and that therefore the contract would be contrary to public policy as requiring the commission of an unlawful act. A complete reply to this argument is that no such defense is set up in the plea filed. It does not appear that the defendants have ever done anything to test their right to cut the timber for the purchase-price of which the note sued on was given. Certain it is that they can not avoid liability on that note merely by reason of the fact that they heeded the warning of one who notified them to refrain from cutting the timber unless they could show their right to do so. The record clearly discloses that the plaintiff in error failed to carry the burden imposed upon him by law, of showing that the consideration of the note had failed, and it was therefore not error for the court to direct a verdict for the plaintiff.

*Judgment affirmed.    All the Justices concur.*