### 5898. ROBERTS *v.* LeMASTER.

BROYLES, J. 1. Section 4290 of the Civil Code specifically provides that the title of a holder of a note can not be inquired into unless it is necessary for the protection of the defendant, or to let in the defenses which he seeks to make. "The holder of a negotiable note is presumed to be

such bona fide and for value; and unless the defendant negatives one or both of these facts, he is shut off from any defense which he might have against the payee." *First National Bank* v. *Messer*, 136 *Ga.* 226 (2) (71 S. E. 148) ; *Johnson* v. *Cobb*, 100 *Ga.* 139 (3) (28 S. E. 72). On the trial the court refused to allow the defendant to amend his answer, by alleging that "the plaintiff in this case does not own the notes sued on in said cause, but that the real title to said notes is in A. F. Kendrick, the payee in said notes, and that as against the said real owner of said notes this defendant has a good and valid defense." The court also refused to permit the defendant to introduce evidence in support of this allegation in the proffered amendment. The proffered amendment set up new facts and a defense of which no notice had been given by the original answer, and was not verified or accompanied by an affidavit as required by the Civil Code, § 5640. The judge therefore did not err in striking the amendment, or in refusing to allow the defendant to introduce evidence solely in support thereof. It is immaterial that the record fails to show upon what ground the court refused to allow the amendment; for even if the amendment were otherwise good, there was no abuse of discretion in disallowing it, in the absence of the affidavit provided for in the above-cited code section. *Benson* v. *Marietta Fertilizer Co.*, 139 *Ga.* 691 (77 S. E. 1125).

2. Under the pleadings and the evidence in this case, the court did not err in overruling the motion for a new trial.        *Judgment affirmed.*

DECIDED MAY 17, 1915. ON MOTION FOR REHEARING, JUNE 3, 1915.

Complaint; from city court of Atlanta—Judge H. M. Reid. June 13, 1914.

A judgment affirming the judgment of the court below in this case and awarding damages against the plaintiff in error for bringing the case to this court for delay only was rendered on May 17, 1915; and, on motion for rehearing, this court on June 3, 1915, vacated its judgment, Broyles, J., dissenting, and rendered a judgment affirming the judgment of the court below, but omitting damages.

*Little, Powell, Hooper & Goldstein,* for plaintiff in error.
*R. W. Crenshaw, Anderson & Rountree,* contra.

ON MOTION FOR REHEARING.

BROYLES, J. Upon the motion for a hearing my colleagues are of the opinion that the fact that the trial judge overruled the demurrer to the original plea, and thereby adjudicated finally, as the law of the case, that plea to be sufficient, gave the plaintiff in error at least such a technical right to a writ of error as not to subject him to damages for delay. For my part, I can hardly conceive that the learned counsel for the plaintiff in error, after having abandoned their contention in the matter of the attorney's fees in-

cluded in the suit, can seriously maintain, in the face of the code sections and the exceedingly numerous authorities applying these principles, that there is in this case any merit in the general grounds of the motion for new trial, or the amendment thereof; and as I can not discover a good or sufficient reason why this cause was brought here for review, I think that the request of counsel for the defendant in error for the award of ten per cent. damages for delay should be granted.