## HENDERSON v. FIELDS.

A purchaser of land, who is in undisturbed possession under his vendor's bond to make or cause to be made good and sufficient title on the payment of the purchase-money, can not recover from the vendor partial payments made on the purchase-price solely on the ground of a defect in the vendor's title. Such relief is dependent upon the vendee's equitable right of rescission or cancellation, which does not exist unless he allege that the vendor is insolvent or a non-resident, or some other fact which would make it inequitable for the vendor to hold the purchase-money already paid and to collect the balance.
JUNE 19, 1915.

Complaint. Before Judge Charlton. Chatham superior court. January 30, 1915.

*G. S. Cargill* and *W. H. Boyd,* for plaintiff.

*F. P. McIntire,* for defendant.

EVANS, P. J. The action is to recover certain payments made on a contract for the purchase of land, on the ground that the vendor's title is imperfect. The petition was dismissed on demurrer. In substance it was alleged that the plaintiff purchased a lot of land from the defendant, who executed to him a bond conditioned to

make or cause to be made good and sufficient title upon payment of the stipulated purchase-money. The plaintiff paid $50 of the purchase-money at the time of the execution of the bond, and has since paid purchase-money notes aggregating $105 and $8 taxes assessed against the land. The plaintiff was let into immediate possession of the land upon the execution of the bond for title, and that possession has never been disturbed. The defendant pressed the plaintiff for the payment of the balance of the purchase-money notes, and the plaintiff arranged to provide the money to make such payment, but before paying it she employed counsel for the purpose of having the title to the property examined. The result of the examination of the title disclosed that one of its muniments was a deed from a grantor who described himself as trustee, and the record disclosed no power authorizing the execution of the deed by a trustee. Another muniment of title was a deed from a person describing herself as the sole heir at law of a grantee in the chain of title, and upon investigation it was discovered that such person was not the sole heir at law, but there was at least one other heir in life at the time of the bringing of the suit. The prayer of the petition was, for cancellation of the unpaid purchase-money notes, for an injunction against the defendant's transferring or negotiating the same, and for recovery of the payments, including the taxes.

Unless the plaintiff is entitled to a rescission of the contract, she is not entitled to the relief sought. Her right to recover the purchase-money which she has paid on the land necessarily depends upon her right to have a restoration of the status. The rule is well established that "A purchaser of land who is in possession under a bond for titles can not have relief in equity against his contract to pay, on the mere ground of a defect in title, unless he allege that the vendor is insolvent or a non-resident, or some other fact which would make it inequitable for the vendor to enforce the payment of the purchase-money." *Mallard* v. *Allred,* 106 *Ga.* 503 (32 S. E. 588) ; *McGehee* v. *Jones,* 10 *Ga.* 127; *Black* v. *Walker,* 98 *Ga.* 31 (26 S. E. 477). A distinction between a purchaser in possession under an executed deed and one in possession under a bond to make title has been attempted. Where a vendee takes the precaution to secure himself by a bond covenanting to convey by good and sufficient title, though we may consider the covenant to convey as an executory contract, there can be no difference between

the purchaser who enters under a deed and the one who enters under a bond for title. In the latter case the vendee has his remedy upon the covenants in the bond, and would be subject to the general rule, unless there be fraud or eviction. Coleman *v.* Row, 5 How. 460 (37 Am. D. 164). In *McGehee* v. *Jones,* supra, Nisbet, J., said that when a purchaser "goes in under a deed, with covenants of warranty, and apprehends a failure of title, and wishes relief before eviction, he must resort to his covenants; and if under a bond for titles, he must resort to his bond." The principle that a purchaser of land who is in undisturbed possession under a title bond can not have relief in equity against the payment of the purchase-money, solely on the ground of a defect of title, was strongly asserted by Chancellor Kent, in Abbott *v.* Allen, 2 John. Ch. 519 (7 Am. D. 552, 554). In the argument supporting the proposition he said: "It would lead to the greatest inconvenience, and perhaps abuse, if a purchaser in the actual enjoyment of land, and when no third person asserts or takes any measures to assert a hostile claim, can be permitted on suggestion of a defect or failure of title, and on the principle of quia timet, to stop the payment of the purchase-money, and of all proceedings at law to recover it. Can this court proceed to try the validity of the outstanding claim in the absence of the party in whom it is supposed to reside, or must he be brought into court against his will, to assert or renounce a title which he never asserted, and perhaps never thought of." The plaintiff's possession has never been disturbed, nor is it alleged that the holder of any paramount title has any intention of disputing her title or possession. Nor is any equitable ground alleged to bring her case without the operation of the general rule. It follows that the judgment on demurrer was proper.

*Judgment affirmed. All the Justices concur.*