## HOUSTON v. GARRETT.

This case is controlled by the ruling in the cases of *Mallard* v. *Allred*, 106 Ga. 503 (32 S. E. 588), and *Henderson* v. *Fields*, ante, 547.

JUNE 19, 1915.

Complaint. Before Judge Cox. Worth superior court. May 14, 1914.

*J. B. Williamson* and *Tison & Bell,* for plaintiff in error.

BECK, J. To a suit upon a promissory note brought by the defendant in error against the plaintiff in error the latter pleaded, that the note was given for the purchase-price of certain real estate, the vendor executing to the maker of the note a bond for title, conditioned to make good and sufficient title to the property upon payment of the note sued on; that at the time of the making of the note there was an outstanding paramount title, and it is still outstanding, and the plaintiff can not make a good title as contemplated by the bond for title; and should the defendant be required to pay the amount sought to be recovered, he would have no way to require the plaintiff to execute to him a deed; and the plaintiff could not be made to answer in damages, as the plaintiff is "worth very little and is not worth as much as a $1,600 homestead allowed by law," and is the head of a family. Upon the trial of the case the court struck the plea.

The court did not err in striking this plea. There is no allegation that the defendant has been or is threatened with eviction. He does not offer to rescind the trade. He does not show that he has made any payment of the purchase-money; he does not offer to restore possession of the land. Even if to show insolvency of the plaintiff under these circumstances would be a sufficient plea and answer to the suit, this plea can not be construed as alleging insolvency. To say that a man is worth but little and is not worth $1,600, and is the head of a family, is not the equivalent of alleging in direct terms that he is insolvent. Under the rulings in the cases of *Mallard* v. *Allred,* 106 *Ga.* 503 (32 S. E. 588), and *Henderson* v. *Fields,* ante, 547, (85 S. E. 741), an elaboration of the ruling here made is entirely unnecessary. Those cases rule the one at bar.

*Judgment affirmed. All the Justices concur.*