## BRITTAIN BROTHERS COMPANY v. DAVIS.

No. 6255. SEPTEMBER 24, 1928.

*Willingham, Wright & Covington,* for plaintiff in error.
*Porter & Mebane,* contra.

PER CURIAM. William T. Davis filed his petition against Brittain Brothers Company, praying for rescission of a contract, cancellation, and recovery of a payment of $1,000. He alleged that in March, 1926, he paid the defendant $1,000, and gave a promissory note due March 23, 1927, for $1,000, for the purchase of certain land from the defendant. Defendant gave him a bond for title, and he went into possession. Before the note became due he discovered that defendant had title to only a four-sevenths interest in the land; that petitioner and his mother and sisters owned the other three-sevenths interest, as heirs at law of their father; that his father and brother owned the land together; that his father died in 1920, and his brother sold the land in 1926 to defendant. There is a general allegation of fraud in misrepresenting the title. Plaintiff alleged that he had tendered the bond for title and had tendered the land to the vendor, and had vacated, and that he told the defendant that the property in question was subject to its order, etc. The tenders and the demand were refused by defendant. Plaintiff does not allege that his possession was disturbed in

any way, or that any adverse title was asserted. Suit was brought before the obligation to make title matured under the bond for title. Petitioner "offers to do equity and to pay a fair and reasonable rent for the four-sevenths interest of the defendant in the premises" while he was in possession.

We hold that the court did not err in overruling the demurrer to the petition, and that the amendments sufficiently met the special demurrer.

*Judgment affirmed. All the Justices concur, except*

BECK, P. J., dissenting. I respectfully dissent from the ruling of the majority of the court. "A purchaser of land, who is in undisturbed possession under his vendor's bond to make or cause to be made good and sufficient title on the payment of the purchase-money, can not recover from the vendor partial payments made on the purchase-price solely on the ground of a defect in the vendor's title. Such relief is dependent upon the vendee's equitable right of rescission or cancellation, which does not exist unless he allege that the vendor is insolvent or a non-resident, or some other fact which would make it inequitable for the vendor to hold the purchase-money already paid and to collect the balance." *Henderson* v. *Fields,* 143 *Ga.* 547 (85 S. E. 741) ; *McGehee* v. *Jones,* 10 *Ga.* 127 ; *Mallard* v. *Allred,* 106 *Ga.* 503 (32 S. E. 588). Under the principles ruled in the case of *Henderson* v. *Fields,* supra, and the other cases cited, and still other cases laying down this doctrine, I am of the opinion that the demurrer should have been sustained.