DECIDED FEBRUARY 25, 1930.

*J. H. Felker,* for plaintiff.    *Orrin Roberts,* for defendant.

19705.   SUMMER *v.* HOGSED.

STEPHENS, J. 1. "A contract can not be rescinded for fraud, unaccompanied with damages." *Johnson* v. *Giles,* 69 *Ga.* 652; *Austell* v. *Rice,* 5 *Ga.* 472, 478; *Freeman* v. *McDaniel,* 23 *Ga.* 354; *Bigby* v. *Powell,* 25 *Ga.* 244 (71 Am. D. 168); *Johnson* v. *Watkins,* 26 *Ga. App.* 759 (107 S. E. 341). Where one is induced, by a false and fraudulent statement as to the title, to purchase real estate, and before offering to rescind the contract for fraud the liens that were upon the property are either removed, or the seller is able to remove them upon the purchaser's demanding a deed and offering to do so, no damage has resulted to the purchaser by reason of the fraud, and he can not afterwards rescind the contract upon the ground of the fraud and recover the purchase-money which he has paid.

2. In a suit brought by a purchaser of real estate at an auction sale to recover of the seller money which the purchaser had paid to the seller

in part payment of the purchase-price, upon the ground that the purchaser had been induced to buy the property and make the payment thereon by virtue of a false and fraudulent representation by the defendant as to the title of the property, and that the purchaser had, upon the ground of such fraud, rescinded the contract and refused to accept the property and had demanded a return of the money paid, where the evidence presented as issues of fact whether the plaintiff had rescinded the contract upon the ground of fraud or had refused to go on with the contract for some other reason, and whether the purchaser had offered to perform and whether the seller was able to make good title to the property and had tendered the purchaser good title to the property, evidence as to the failure of other purchasers, who had bid on other lots at the same auction sale, to obtain title to the lots, was irrelevant and prejudicial to the defendant, and its admission in evidence over objection by the defendant was error.

3. Evidence of judgments against the defendant which had constituted ·liens on the property when the plaintiff bid upon it, but which had been paid and canceled of record the next day and prior to the date when the plaintiff himself claims to have rescinded the contract for fraud and demanded the return of the money which he had paid, was irrelevant as tending to establish any damage to the plaintiff as a result of the fraud which the plaintiff alleged. The admission of these canceled judgments in evidence was prejudicial to the defendant, and was therefore error.

4. A judgment against a partnership is not a judgment against an individual, unless he at some time was a member of the partnership. Where·the only evidence as to the defendant's membership in a certain partnership consists of recitals in two deeds that the deeds were executed by the partnership styled "Gainesville Auto Company" and that it was composed of another person and the defendant, and there is no evidence in the· record that the deeds were signed by the defendant, the recitals in the deeds have no probative value as admissions by the defendant that at the time of the execution of the deeds she was a member of the partnership. *First Natl. Bank* v. *Cody*, 93 *Ga.* 127 (19 S. E. 831). These deeds, having no probative value, were irrelevant as evidence tending to establish the defendant's membership in the partnership; and where there had been introduced in evidence a judgment against the partnership as a lien upon the property, the admission in evidence of these deeds was prejudicial to the defendant, and their admission in evidence, over objection by the defendant, was error.

5. Where a judgment against a partnership contained no evidence that the defendant in the present case was a member of the partnership, and where there was no evidence otherwise tending to establish that the defendant was ever at any time a member of the partnership, the judgment had no probative value as tending to establish that it constituted a lien against the property of the defendant.

6. The court erred in overruling the defendant's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 25, 1930.

*W. N. Oliver, W. V. Lance,* for plaintiff in error.
*Johnson & Adderholdt,* contra.