## FORRESTER v. DENNY et al.

HILL, J. Plaintiff brought suit against defendants for injunction and rescission of a contract for the purchase of land with part of the purchase-money paid, and for restitution, based on alleged fraud in the procurement of the contract by representations on the part of the defendants that they had title to the land. *Held:*

1. The court did not err in rejecting testimony as to declarations made by Denny, the defendant, to Forrester, the plaintiff, Denny being dead.

2. There is no evidence in the record as to any representations made to plaintiff by defendants as to the title to this property; and the verdict for defendants was demanded. The court did not err in overruling the motion for new trial. See *Black* v. *Walker*, 98 *Ga.* 31 (26 S. E. 477).

*Judgment affirmed. All the Justices concur.*

No. 7906. FEBRUARY 20, 1931. REHEARING DENIED FEBRUARY 28, 1931.

*C. A. Christian,* for plaintiff.
*Wright & Covington,* for defendants.

### ON MOTION FOR REHEARING.

HILL, J. The plaintiff filed a motion for rehearing, insisting that the same should be granted because this court in making the ruling contained in the first headnote overlooked the fact that the testimony of the deceased party had been preserved by depositions, and that portions of the same were introduced in evidence by the opposite party; and that on this account the testimony of the surviving party was admissible. The ruling as made in the first headnote merely states a general principle of law in itself correct. On considering the motion for rehearing the grounds of the motion for a new trial with respect to which the ruling was made have been re-examined. It appears from those grounds that they are insufficient to raise the question insisted upon in the motion for rehearing. In one of the grounds nothing is stated as to what movant expected to prove had the objection by the opposite party not been sustained by the court. In the other ground of the motion the substance of a portion is stated, but is not stated with sufficient particularity for this court to ascertain whether or not it was material and admissible. Moreover, the trial judge approved the grounds of the motion for new trial above referred to, with the following qualification: " . . and there was no testimony to the effect that these depositions had been introduced upon a former hearing of the case. Movant introduced two letters attached to the depositions of R. A. Denny and identified by him, but as stated these depositions were not introduced by either party." For these reasons the motion for rehearing is denied.