CAMPBELL *v.* GORMLEY, superintendent of banks, *et al.*

No. 11850. JUNE 17, 1937. ADHERED TO ON REHEARING, JULY 22, 1937.

*H. E. Edwards,* for plaintiff in error.

*Charles G. Bruce, E. S. Griffith, G. B. Walker,* and *Carpenter & Ellis,* contra.

650

JENKINS, Justice. 1. While it is true that where the record shows merely that there was some undisclosed objection to or attack upon an amendment to a plea, a judgment of disallowance for an undisclosed reason will be affirmed, since it is the duty of a plaintiff in error to show error, and this court will assume that the judge properly refused the allowance for any good reason, including the absence of the accompanying affidavit required by law (*Benson* v. *Marietta Fertilizer Co.*, 139 *Ga.* 691, 77 S. E. 1125; *Upchurch* v. *Nichols*, 15 *Ga. App.* 391, 83 S. E. 273; *Roberts* v. *LeMaster*, 16 *Ga. App.* 385, 85 S. E. 615; *Seawright* v. *Dickson*, 16 *Ga. App.* 436, 439, 85 S. E. 625; *Southern Ry. Co.* v. *Atlanta Sand Co.*, 8 *Ga. App.* 315, 68 S. E. 778; *Greer* v. *Andrew*, 133 *Ga.* 193 (7), 207, 65 S. E. 416; Code, §§ 81-1310, 81-401), yet where, as in the instant case, the record not only fails to show that the plaintiff objected to the allowance of the amendment or properly attacked it because of the absence of such affidavit, but it affirmatively appears that the court rejected it or sustained a demurrer thereto on other specified grounds, the lack of the affidavit will not be considered by the appellate court as a reason for the rejection, so as to affirm the judgment on that ground. In such a case it will be assumed that the plaintiff waived his right of objection. *O'Kelly* v. *Welch*, 18 *Ga. App.* 157 (89 S. E. 76); *Early* v. *Hampton*, 15 *Ga. App.* 95, 98 (82 S. E. 669). See also *Edwards* v. *Boyd*, 136 *Ga.* 733, 738 (72 S. E. 34); *Jackson* v.

*Jackson,* 150 *Ga.* 544, 546 (104 S. E. 236); *Terrell County* v. *Dawson,* 172 *Ga.* 403 (158 S. E. 47); *Rodgers* v. *Caldwell,* 122 *Ga.* 279 (50 S. E. 95); *Ward* v. *Frick Co.,* 95 *Ga.* 804, 806 (22 S. E. 899); *Holbert* v. *Allred,* 24 *Ga. App.* 727 (102 S. E. 192).

2. Where a vendor sells land, takes for part of the purchase-money a note payable to himself or order, and gives to the purchaser his bond for title, by which he obligates himself to convey the land on payment of the note, the vendor holds the title to the land as security for the payment of the purchase-money. Where, after a general indorsement of such a note by the vendor, the transferee reduces it to judgment, it is the duty of the vendor to convey the land by quitclaim deed to the purchaser for the purpose of levy and sale under the judgment and execution; and upon a refusal by the vendor to make such a conveyance when so requested by his transferee, a court of equity will compel the vendor to make such conveyance. *Holbrook* v. *Adams,* 166 *Ga.* 871 (3) (144 S. E. 657); *Carlton* v. *Reeves,* 157 *Ga.* 602, 607 (122 S. E. 320); *Carter* v. *Johnson,* 156 *Ga.* 207 (5) (119 S. E. 22); Code, §§ 39-201, 67-1501.

3. Ordinarily "a purchaser of land, who is in possession, can not have relief in equity against the payment of the purchase-money, upon the mere ground of a defect of title, before eviction. If he is in possession . . under a bond for titles, he must resort to his bond." But "if the obligor . . is insolvent, or without the jurisdiction of the courts, and there is no property within the jurisdiction which would be liable to the satisfaction of his damages, and there is an outstanding title paramount to his, the purchaser will be entitled to relief against the payment of the purchase-money, to the extent of his damage, before eviction." Under such conditions of insolvency or non-residence, "equity will enjoin the judgment for the purchase-money until an accounting is had between the parties, and decree a credit in favor of the purchaser, equivalent to the damage sustained." *McGehee* v. *Jones,* 10 *Ga.* 127 (2, 4), 136; *Mallard* v. *Allred,* 106 *Ga.* 503, 505 (32 S. E. 588); *Henderson* v. *Fields,* 143 *Ga.* 547, 550 (85 S. E. 741); *Black* v. *Walker,* 98 *Ga.* 31 (26 S. E. 477). Accordingly, where under the facts as pleaded the plaintiff as State bank superintendent took charge of an insolvent bank which had acquired by general indorsement a past-due purchase-money

652

note for land sold under a bond for title, and where the bank had thereafter obtained a judgment on the note against the purchaser in possession, and where, in response to a prayer in the plaintiff's equitable petition against the vendor and the other defendants that the purchaser also be required to intervene and set up his equities, he proceeded to set forth the existence of an outstanding paramount title to the land and the insolvency of the vendor, under these averments and the rule above stated the purchaser was entitled to relief in equity against such judgment to the extent of his damage by reason of the outstanding title. Although the amendments, in so far as they sought to plead and have specifically performed an agreement of compromise between the Superintendent of Banks and the intervenor, based upon the alleged defect in title, did not authorize that relief, since there was no allegation of compliance with the Code, § 13-807, requiring as a condition precedent to a compromise of a doubtful claim an order from the superior court of the county where the bank is located, nevertheless, as against the general demurrer, the amendments sufficiently pleaded the existence of the outstanding title, and prayed that the difference between the amount of the debt and the amount agreed on as a proper amount of compromise and settlement "be awarded him as damages" on account of the defective title, in addition to prayers for general relief. Under the rule stated, and in the absence of special demurrer, the intervenor being thus entitled to part of the relief prayed, if his allegations be sustained, it was error to strike the amendments on general demurrer, and to enter the final decree.

*Judgment reversed. All the Justices concur.*