CROWELL *v.* BRIM.

No. 13327. NOVEMBER 30, 1940.

*Walter H. Burt* and *W. L. Ferguson,* for plaintiff in error.

*R. R. Jones,* contra.

REID, Chief Justice. Suit was instituted by Brim to rescind the following contract: "In consideration of eight hundred dollars, this day paid to G. C. Crowell by W. Adell Brim, both of Terrell County, Georgia, this contract and agreement is made between both above-named parties. The said W. Adell Brim leases from said G. C. Crowell his farm in 3rd land district Terrell County, Georgia, parts of lots Nos. 135, 136, 153, 154, 167, and 168, an aggregate of 575½ acres of land, more or less, for a period of twenty-one years, at a yearly rental of one thousand ($1000) dollars to be paid on or before November 1st of each year, first rental being due Nov. 1st, 1939. The said W. Adell Brim agrees to keep all buildings and fences in good repair; that no logs, wood, timber, or trees will be sold, cut, or removed from said farm for period of this lease, except firewood cut for said farm's requirements; that all buildings will be adequately insured against fire and wind, the premiums for such protection to be paid by said W. Adell Brim, and in case of fire or wind damage, paid claims to be used in replacing such damage by fire or wind. Said W. Adell Brim agrees to promptly pay all of each year's taxes as they mature. For detailed execution of this contract by said W. Adell Brim said G. C. Crowell agrees, upon the expiration of this lease, to execute to said W. Adell Brim warranty deed to the above-described farm, without further cost to said W. Adell Brim."

It was alleged, that during the negotiations which led up to the execution of the contract the defendant represented 'to the plaintiff that the land belonged to him, and that there were no liens whatever against it; that the plaintiff relied upon this representation by the defendant, and executed the contract believing in good faith that the land was unencumbered; that in fact there was an outstanding security deed executed by the defendant, which conveyed the property to the Land Bank Commissioner to secure a debt of $4500; that the representation made to the plaintiff was false, was made with intent to deceive and did actually deceive him, in that, relying on such representation, he entered upon the contract of purchase and sale and paid $800 of the purchase-price;

that the plaintiff had not entered into possession of the property under the contract; and that on November 26, 1938, after the contract was executed on November 2, 1938, the plaintiff notified the vendor of his intention to rescind the contract, and thereupon demanded a return of ·the portion of the purchase-price which had been paid. The plaintiff prayed that the contract be canceled, and that he have judgment against the defendant in the amount which he had been paid.

The defendant's demurrer to the petition was overruled. The jury returned a verdict in favor of the plaintiff. The defendant excepted to the overruling of his demurrer and his motion for new trial.

Counsel for both sides properly treat the contract as one of purchase, and not of lease. See *Lytle* v. *Scottish American Mortgage Co.,* 122 *Ga.* 458 (50 S. E. 402) ; *North* v. *Goebel,* 138 *Ga.* 739 (76 S. E. 46) ; *Enterprise Distributing Corporation* v. *Zalkin,* 154 *Ga.* 97 (113 S. E. 409) ; *Gibson* v. *Alford,* 161 *Ga.* 672 (132 S. E. 442). The principal point made by the defendant, as exhibited by his demurrer and motion for new trial, is that a contract can not be rescinded for fraud unaccompanied with damage; and that it does not appear that the plaintiff has been damaged by the alleged false representation, since the security deed has not been enforced so as to foreclose plaintiff's right to the possession of the land. It is argued that the defendant has the right to pay off the security deed before its enforcement and before the time for a conveyance as provided in the contract, or that the plaintiff may himself pay it, retaining a sufficient amount of the purchase-money for this purpose; and that in either event the plaintiff will not be damaged by the fact that it was outstanding at the time the contract was executed. We of course recognize the rule that fraud to be actionable must be followed by damage, but we can not accept the defendant's interpretation and application of the rule to the facts of the present case. In so far as the right to rescind a contract for fraud is concerned, injury or damage within the rule does not mean such actual pecuniary damage as might be estimated and recovered by a money judgment. If the fraud consisted of misrepresentation of a material fact as to the subject-matter of the contract, and the party to whom the representation was made was thereby induced to act by entering into the contract, which he

would not have done but for the misrepresentation, this constitutes fraud with injury which will authorize him, promptly upon learning the true situation, to rescind. Code, § 37-703. In the present case the defendant, in order to induce the plaintiff to purchase certain property from him, represented that the property was unencumbered. Acting on this representation the plaintiff entered into a contract for the purchase of the property, agreeing among other things to pay therefor the sum of $1000 per year for twenty-one years. The representation, as the plaintiff soon discovered, was false, there being a security deed outstanding on the property for $4500. While the security deed had not been enforced against the property, and of course the plaintiff had not then suffered, and accordingly could not seek a judgment for such pecuniary damage as would result should the security deed be enforced; it does not follow that he had not suffered such injury or damage as would give him the right to rescind.

The fact is that if, after discovery of the security deed, the plaintiff had recognized the contract by entering into possession of the land and making payments thereunder, awaiting pecuniary damage to himself by enforcement of the security deed against the property, he would have been estopped to claim a rescission because of the fraudulent representation, and would have been relegated to an action for damages. *Gibson* v. *Alford,* supra; *Pruden* v. *Middleton,* 182 *Ga.* 687 (186 S. E. 732); Code, § 20-906. The representation by the defendant that the property was unencumbered when it was in fact subject to an outstanding security deed was a misrepresentation of a material fact. Its existence affected the value and marketability of the plaintiff's interest in the property, and subjected him to burdens and uncertainties not contemplated by the contract. Since the property was in fact subject to an outstanding security deed, and the plaintiff was induced to obligate himself to purchase it upon the defendant's representation that it was not so encumbered, in entering into the contract the plaintiff was injured by the misrepresentation, and was entitled to rescind. The plaintiff's intention was to contract for the purchase of property which was not subject to the burden of a security deed, and he did not get what he bargained for if, as was actually the case, there was an outstanding security deed thereon. It is not material that the security deed had not been forclosed, and that the defendant could pay it, or that

the plaintiff could himself satisfy it and deduct the amount paid from the agreed purchase-price. The plaintiff did not agree to purchase the property from the defendant for $16,500 and assume the payment of the secured debt. Nor was it the contract that the plaintiff was to pay to the defendant $21,000 for the property and the defendant was to pay off the security deed. The plaintiff alleged that had he known of the security deed he would not have entered into the contract; and it can not be assumed that if the facts had been made known to him, he would nevertheless have contracted to purchase the property on terms substantially the same as those which the defendant seeks in effect to read into the present agreement.

The above views seem to be in accord with the former rulings of this court and the Court of Appeals. *Coffee* v. *Newsom,* 2 *Ga.* 442; *Southwestern Railroad* v. *Papot,* 67 *Ga.* 675; *Holliday* v. *Poole,* 77 *Ga.* 159; *Crutchfield* v. *Danilly,* 16 *Ga.* 432; *Hamilton* v. *Duvall,* 142 *Ga.* 432 (83 S. E. 103); *Brittain Co.* v. *Davis,* 167 *Ga.* 159 (144 S. E. 904); *Benson* v. *May,* 149 *Ga.* 555 (101 S. E. 177); *Nipper* v. *Griffin Mercantile Co.,* 31 *Ga. App.* 211 (120 S. E. 439); *Oliver* v. *O'Kelley,* 48 *Ga. App.* 762 (173 S. E. 232); *Dunn* v. *Citizens & Southern Co.,* 47 *Ga. App.* 600 (171 S. E. 170). Compare *Shorter* v. *Mitchell,* 6 *Ga.* 458; *Woodruff* v. *Saul,* 70 *Ga.* 271; *Elliott* v. *Marshall,* 179 *Ga.* 639 (176 S. E. 770); *Cohron* v. *Woodland Hills Co.,* 164 *Ga.* 581 (139 S. E. 56).

In *Coffee* v. *Newsom,* supra, it was held: "Where the vendee went into the possession of a settlement of land purchased of the vendor upon the faith of his representations as to the title thereto, which representations were false and fraudulent, and known to have been so by the vendor at the time of making them, . . a court of equity would retain a bill at the instance of the vendee to rescind the contract, notwithstanding the vendee had not been evicted from the possession of the premises, nor abandoned the possession thereof, nor had offered to do so." In *Southwestern Railroad* v. *Papot,* supra, it was said: "Complainants brought their bill against defendants, to recover certain stock or its value, the consideration of which was certain work performed by them in completing a railroad and a transfer to defendants of stock therein. Defendants sought relief by cross-bill, on the ground that they had been led to purchase such stock and make such contract by the

representations of complainants that the road was free of incumbrances or debts, and that the object of the contract was to obtain a controlling interest in such road free and unincumbered and operate the same in connection with their line, that the representations were false and fraudulent, that liens existed, and in fact the road had been sold thereunder: *Held,* that to support such defense and entitle defendants to relief, it would be sufficient to show, that the misrepresentations or suppression of facts were of such a nature that the property purchased was of no value to the purchasers for the purposes for which it was bought, *or that the purchasers would not have bought had they had knowledge of the defect. The defense is not rendered nugatory by a failure to prove an actual sale under the existing liens.*" (Italics supplied.) If the defendant had paid off the security deed prior to notice from the plaintiff of his intention to rescind, and had thus rectified his misrepresentation so that it was no longer a misrepresentation in fact, the plaintiff would not have been entitled to rescind, *Summer v. Hogsed,* 41 *Ga. App.* 207 (152 S. E. 260). This, however, was not done in the present case.

It has been held that "A purchaser of land, who is in possession, can not have relief in equity, against his contract to pay, on the mere ground of a defect of title, without a previous eviction." *McGehee* v. *Jones,* 10 *Ga.* 127; *Mallard* v. *Allred,* 106 *Ga.* 503 (32 S. E. 588) ; *Henderson* v. *Fields,* 143 *Ga.* 547 (85 S. E. 741). This principle has no application to the present case, since the plaintiff had not gone into possession of the land and is not seeking the aid of a court of equity "on the mere ground of a defect of title," but rather on a fraudulent representation made by the defendant as to the state of the title. See *Watson* v. *Kemp,* 41 *Ga.* 586; *Campbell* v. *Gormley,* 184 *Ga.* 647 (192 S. E. 430) ; *Black* v. *Walker,* 98 *Ga.* 31 (26 S. E. 477) ; *Forrester* v. *Denny,* 172 *Ga.* 309 (157 S. E. 481). Under the above rulings the plaintiff's petition for a rescission of the contract, and for recovery of the amount paid on the purchase-price at the time the contract was executed, stated a cause of action as against demurrer. The evidence amply supported the allegations of the petition; and in view of the above ruling the general grounds of the motion for new trial were without merit.

■ The court did not err in repelling evidence offered by the

defendant, to the effect that the annual rental value of the premises was approximately the amount of the yearly instalments to be paid on the purchase-price. This evidence was immaterial, because the contract was one of purchase, and not a contract of lease; and whether or not the amounts to be paid under the contract over a period of years constituted more or less than the fair rental value of the property did not, in view of what has been said, affect the right of the plaintiff to rescind. The court did not err in over-ruling the demurrer and the motion for new trial.

*Judgment affirmed. All the Justices concur.*