22953. HOLCOMB v. GARCIA et al.

ARGUED MAY 10, 1965—DECIDED JUNE 17, 1965.

*John M. Morrow*, for plaintiff in error.

*Noland & Coney, John L. Coney*, contra.

NOTE: The opinion in this case was prepared by the late Presiding Justice Head for submission to the court and is approved by the court as written.

HEAD, Presiding Justice. Ordinarily a purchaser of land, who is in possession, can not have relief in equity against the payment of the purchase money, upon the mere ground of a defect

of title, before eviction. Exceptions to this rule are where the vendor executing a warranty deed or bond for title is insolvent, or a nonresident with no property within the jurisdiction of the State. *McGehee v. Jones,* 10 Ga. 127 (2, 4) ; *Smith v. Hudson,* 45 Ga. 208; *Mallard v. Allred,* 106 Ga. 503 (32 SE 588) ; *Gould v. Small,* 121 Ga. 747, 748 (49 SE 723) ; *Henderson v. Fields,* 143 Ga. 547 (85 SE 741) ; *Campbell v. Gormley,* 184 Ga. 647, 651 (3) (192 SE 430) ; *Crowell v. Brim,* 191 Ga. 288, 293 (12 SE2d 585).

The plaintiffs in the present case are in possession of the property conveyed to them by the warranty deed of H. B. Holcomb. They have not alleged that H. B. Holcomb is insolvent, nor have they alleged any other fact to show that equity should interfere to restrain the foreclosure sale. They admit that they have not made the payments due on their note since August, 1963. They have not been evicted from the land by legal process, nor have they yielded possession by reason of a paramount title in another. The petition entirely fails to state a cause of action for cancellation of the promissory note and deed to secure debt, or for injunction to prevent Mrs. Lois E. Holcomb from foreclosing the deed to secure debt because of the failure of the plaintiffs to pay the installments due on their note.

The alleged defect in title relates to an undivided one-seventh interest in the property. It is asserted that one of the grantors in the warranty deed to H. B. Holcomb was mentally incompetent when the deed was executed. It is not alleged that this grantor had been adjudged incompetent at the time she executed the deed. The deed of an incompetent who has never been adjudicated to be of unsound mind is not absolutely void, but only voidable. *Code* § 20-206. There is no allegation that the incompetent, through her guardian or next friend, has instituted legal action to repudiate her contract. Certainly Mrs. Lois E. Holcomb can not deprive the plaintiffs of their property because of the defect in title, and her alleged threats to do so, while no doubt harassing to the plaintiffs, are baseless in law.

It is unnecessary for us to decide in the present case whether the petition alleges a cause of action for breach of warranty against H. B. Holcomb as to a one-seventh interest in the property, since we are dealing only with the questions made by the

general demurrer of Mrs. Lois E. Holcomb, which asserted that the petition did not state a cause of action in law or equity against her. Mrs. Lois E. Holcomb was not a warrantor in the deed to the plaintiffs. The fact that she had knowledge of the defect in title of her former husband at the time he executed the warranty deed to the plaintiffs could not make her liable for a breach of his contract of warranty.

The petition did not state a cause of action in law or equity against Mrs. Lois E. Holcomb for any of the relief prayed, and it was error to overrule her general demurrer.

*Judgment reversed. All the Justices concur.*