JAMES R. QUILLIAN, plaintiff in error, vs. THE 'CENTRAL RAILROAD AND BANKING COMPANY, defendant in error.

1. The lien given by section 1981 of the Code to mechanics, upon property manufactured or repaired by them, does not attach in favor of a workman who is hired by another to do the work. In such a case, the possession and the lien is in the master or contractor.
2. Where one employs another to make brick for him in the yard and with the machinery of the employer, at a fixed price per thousand, the brick, when made, are the property of the employer, and this is so even if, by agreement, the brick are to be inspected, and to be of a certain quality.

Mechanic's lien. Title. Before Judge HILL. Washington Superior Court. September Term, 1873.

The Central Railroad and Banking Company employed one Thomas J. Jenkins to make brick for it in its yard and with its machinery, at $7 00 per thousand for all he could make to the amount of two hundred thousand. The brick were to be of a certain quality, and were to be inspected by an agent of the road before acceptance. The Central Railroad Company had advanced to Jenkins more than the brick were worth. The work was done by Quillian and other sub-employees. Jenkins failed to pay Quillian, and he sued out a mechanic's lien and had the same levied on the brick. A claim was interposed by the Central Railroad and Banking Company. At the time of the levy, the brick had been taken out of the kiln, and were lying beside the track of claimant. Whether they had formally been delivered and accepted or not, the evidence was conflicting. The jury found the brick subject.

The claimant moved for a new trial upon the following, among other grounds, to-wit:

1st. Because the court erred in holding that the plaintiff's affidavit setting forth the demand due, could legally embrace his own wages and the wages due to other laborers, as a debt due to himself, for which he had the right to proceed to recover in the summary manner pointed out by section 1969, Revised Code.

Quillian *vs.* The Central Railroad and Banking Company.

2d. Because the verdict was contrary to the law and the evidence.

The motion was sustained and the plaintiff excepted.

LANGMADE & EVANS, for plaintiff in error.

No appearance for defendant.

McCAY, Judge.

1. It seems very plain to us that the plaintiff had no mechanic's lien, under section 1981 of the Code of 1873, or under a similar section in Irwin's Code. The plaintiff had no possession of the brick. The possession was in Jenkins, who was making the brick for the road. It was the intent, and it is the plain meaning, of section 1981 of the Code, to give the lien to the manufacturer or repairer—he who controls the work, has the shop—and not to the workmen. Their lien is upon his property, and not on the property of his employer. It would breed endless confusion, and almost a stoppage of business, to declare that each workman in a shop, who repairs a boot or a buggy under the orders of the owner of the shop, has a lien on the boot or buggy he repairs. The lien in such a case belongs to the proprietor. And the same is true here. Jenkins was the contractor; he was making these brick for the road; the road was his debtor, and not the debtor of his employees.

2. Was the contract between Jenkins and the road one of employment, or was Jenkins to make the brick and sell them to the road? Could he have lawfully sold them to any one else? If I employ one to dig ore on my land, at so much per ton, it is my ore. If I employ him to get rails on my land, at so much per hundred, they are my rails, even though they are to be counted and inspected, and though I have a right to refuse pay if they do not come up to a certain standard. This was the company's land and yard and machinery, and the brick were, in our judgment, the property of the company. That they had to be counted and delivered and inspected does

not alter the matter; nor, if that was the bargain, does it help the case if the company had a right to refuse to pay for them if they did not come up to a certain standard.  This, and all these conditions, are every day conditions between employer and employee.

Judgment affirmed.