## BLUTHENTHAL & BICKART v. BENNEFIELD.

1. "A bartender, whose duties are mainly manual, and who is also required to keep books as a part of his duties, is a laborer within the meaning of the law creating a lien in favor of laborers, for their labor, upon the property of their employers."

2. The evidence was sufficient to authorize the finding in favor of the defendant in error upon the issues of fact in the case.

Submitted July 18, 1906.—Decided February 14, 1907.

Money rule. Before Judge Crisp. City court of Americus. November 9, 1905.

Bluthenthal & Bickart foreclosed a mortgage against Melton, and caused the fi. fa. to be levied on a stock of whiskies, wines, etc., belonging to the defendant, and under the foreclosure proceedings the property was sold. On a rule brought by the plaintiffs to distribute the funds in the hands of the sheriff, Bennefield intervened and prayed that he might recover $136.43, for which amount he had foreclosed a laborer's lien against Melton. The jury found in favor of the laborer's lien as claimed by Bennefield, and a judgment was entered accordingly. Bluthenthal & Bickart made a motion for a new trial, which was overruled, and they excepted.

*Lane & Maynard,* for plaintiffs.

BECK, J. (After stating the facts.) We agree with counsel for plaintiff in error, in the statement made in their brief, that there are only two questions involved in this case: (1) Was Bennefield such a laborer as would entitle him to a lien? (2) Did Melton reside in Sumter county at the time of the foreclosure of the lien of Bennefield? The trial judge who passed upon the issues in the case, by his finding in favor of the intervenor, answered both questions in the affirmative. And in reviewing his judgment, we have only to determine whether there was sufficient evidence to authorize the finding as made. Bennefield, the intervenor, in his own behalf testified in part as follows: "During the time I was working for him (Melton) it was my duty to open the store every morning during the week at five o'clock, and the first thing I did after opening the store was to sweep the floors, dust, and clean up the house; and all along during each day I was engaged in washing counters, washing glasses, pouring out drinks for the trade, selling and delivering over the counter whiskies and wines in bottles to the trade, dusting and keeping the shelves clean, receiving into the house shipments of goods, unpacking such shipments and placing the goods upon the shelving, placing beer in bottles on ice, tapping and drawing beer out of kegs, lifting barrels of whisky on to the scaffolding, drawing whisky out of them.

into bottles and placing the same on the shelves to be sold, and doing any and every kind of work that came to hand in business of that kind. I built the scaffolding on which to place the whisky barrels, and also erected myself the fixtures in the bar, except the front screen. Nearly all the work I did was manual labor." He further testified, that in Melton's absence, he handled the cash, and deposited it as directed by him, and paid out money only when Melton directed him to do so, that he gave checks in Melton's absence, but it was only done under express directions of the latter; that he did not have charge of Melton's business nor cash, except at times when he was absent, and then under special directions. When Melton was away he kept the books, "but he had no books to keep that amounted to anything; he did a cash business, and very little books were kept. . . Mr. J. W. Mize also worked in the barroom about three months during the time I was working there, but he did nothing but serve drinks to the trade, and I had nothing to do with employing or paying him. I was not over him. But when Mr. Melton was away I was in charge of and managed his business." Here, under a number of decisions of this court, there was sufficient evidence to support a finding that the person who performed the duties as set forth above was entitled to a laborer's lien. Justice Lewis, in the opinion delivered by him in the case of *Lowenstein* v. *Meyer,* 114 *Ga.* 709, says: "It appeared from the evidence that the duties of the plaintiff required him to attend the bar, wash bottles, sweep out the barroom, unpack goods, keep the books, and do anything else that was required of him. The performance of these duties would clearly entitle him to a laborer's lien; and the fact that, in addition to his manual labor, he was required to keep books, would not defeat his right to foreclose his lien as a laborer. *Oliver* v. *Boehm,* 63 *Ga.* 172."

The judge's finding that at the time of the foreclosure of the laborer's lien against him, Melton was a resident of Sumter county, rests upon sufficient evidence. There was no question that he had, previously to the closing of his business in that county, been a resident thereof, and while the trial judge might have been authorized to find that he had changed his domicile, the evidence did not require such a conclusion.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*