### 1371.  TRAPP *v.* WATTERS.

One who merely cuts and hauls logs to a sawmill, and claims no title to such timber, can not enforce a lien for furnishing supplies to a sawmill.  "Lien laws, being in derogation of the common law, are to be strictly construed, and he who claims a lien must show that there was a contract, by the terms of which he is entitled to the lien he claims."  The contract in this case may have entitled the plaintiff to a laborer's lien, but does not establish a lien for furnishing supplies to a sawmill.

Levy and claim, from Floyd superior court—Judge Wright. July 18, 1908.

Argued November 24, 1908.—Decided July 31, 1909.

*George A. H. Harris & Son,* for plaintiff.

*Denny & Harris,* contra.

RUSSELL, J. The plaintiff in error was proceeding to enforce the statutory lien created by section 2809 of the Civil Code, in favor of those who furnish timber or other supplies to a sawmill, and the execution issued under this section had been levied upon certain timber. Watters, the defendant in error, interposed a claim. Upon the trial it appeared that Watters had made a contract with Wells, a sawmill owner, to cut, haul, saw, and stack certain timber growing upon land of which Watters was in possession, the price being $6.50 per thousand feet. Trapp, knowing of this contract between Watters, the landowner, and Wells, the sawmill man, contracted with the latter to cut and haul the timber to the sawmill for $3.25 per thousand feet, lumber measure. It was for this cutting and hauling that Trapp claimed the lien which he was proceeding to foreclose. At the conclusion of the evidence the judge directed a verdict in favor of the claimant. Exception is taken to the overruling of the plaintiff's motion for a new trial.

The verdict directed was the only verdict which could have been reached under the evidence. Trapp was not entitled to a lien for furnishing timber or logs to a sawmill, for he did not claim to be the owner of the logs or in possession of the land from which the timber was cut. He knew of the contract between Wells and Watters, by which Wells was to saw and stack the timber from Watters' land, as Watters' lumber, for a stipulated compensation. He did nothing more than cut and haul the Watters logs to the sawmill for Wells, in order that they might be converted by the latter into lumber. He might be entitled to the lien provided by section 2808 of the Civil Code in favor of laborers at sawmills, but this question is not before us for decision. Rights conferred by lien statutes, being in derogation of the common law, must be strictly construed; and we know of no principle by which a proceeding to foreclose a lien for supplies in favor of one class of creditors can be metamorphosed into a lien for labor, even though it be in behalf of the same plaintiff. Trapp, if entitled to any lien at all, was entitled to a lien under section 2808 of the Civil Code, which gave him a right to proceed under sections 2792 and 2793, creating a lien of higher dignity. He did not furnish any *supplies* to a sawmill, though he may have furnished *labor*.

31

The slight error in permitting oral testimony that Watters was the owner of the land from which the timber was cut was harmless, in view of the fact that it was clearly proved that Watters was in undisputed possession of the land; and Trapp did not claim to have ever been in possession thereof, or to have bought the timber from any one who had been in possession. Furthermore, as stated above, Trapp knew, as he himself testified, that the land and the timber belonged to Watters, or believed it to be so. "Lien laws, being in derogation of the common law, are to be strictly construed, and he who claims a lien must show that there was a contract, by the terms of which he is entitled to the lien he claims." *Howell v. Atkinson*, 3 *Ga. App.* 58 (59 S. E. 316). Trapp proved that his contract entitled him to a laborer's lien, but not to a lien for furnishing supplies.                    *Judgment affirmed.*