*W. Spencer Connerat, W. W. Douglas,* for plaintiff in error.
*W. R. Hewlett, H. P. Cobb,* contra.

---

## 6059.  HULL & COMPANY v. ANDERSON LUMBER COMPANY.

WADE, J.  1.  "Statutes allowing liens in favor of certain persons and classes of persons are in derogation of the common-law, and therefore are to be strictly construed."  *Seeman* v. *Schultze,* 100 *Ga.* 603 (28 S. E. 378).  See also *Gross* v. *Butler,* 72 *Ga.* 187; *Reaves* v. *Meredeth,* 123 *Ga.* 444-448 (51 S. E. 391); *Howell* v. *Atkinson,* 3 *Ga. App.* 58

(59 S. E. 316); *Trapp* v. *Watters*, 6 *Ga. App.* 480 (65 S. E. 306). For the same reason, statutes allowing liens in favor of certain persons and classes of persons against particular property specified in the statute must likewise be construed strictly, and cannot by judicial interpretation be extended to include other and different property.

2. Section 3358 of the Civil Code provides that "All persons furnishing sawmills with timber, logs, provisions, or any other thing necessary to carry on the work of sawmills shall have liens on said mills and their products." It does not provide for a lien on any property except "sawmills and their products;" and mules used in carrying on the sawmill business can not be held to be a part of such mills, or "products" thereof, and the trial judge did not err in dismissing the levy as to the mules. The word sawmill "does not include any detached personalty such as vehicles, draft animals, etc." *Empire Lumber Co.* v. *Kiser*, 91 *Ga.* 643 (4), 644 (17 S. E. 972).

3. Even if it be conceded that section 3366, subdivision 6, intends that a counter-affidavit contesting the amount and justice of a lien claimed under section 3358 shall be filed with the levying officer, and "form an issue to be returned to the court and tried as other cases," there is nothing whatever in the record to show that the counter-affidavit in this case was not first delivered to the levying officer or "filed" with him, and thereafter returned to the court by him and then marked "filed" by the clerk. In the absence of anything to the contrary, the presumption exists that the regular course was pursued.

4. In the state of the record, no question as to obtaining release from the erroneous taxation of costs is properly before us for determination.

5. The trial court did not err in taxing against the plaintiffs in the lien execution the costs incurred in keeping the mules levied upon at their instance.                                                    *Judgment affirmed.*

DECIDED SEPTEMBER 9, 1915.

Foreclosure of lien; from city court of Waycross—Judge McDonald. September 23, 1914.

*Parker & Walker, E. R. Smith,* for plaintiffs.

*Wilson, Bennett & Lambdin,* for defendant.