## 15530.   HOBBS v. BROAD RIVER LUMBER CO.

BLOODWORTH, J.   Under the facts of this case and the ruling in *Lanier* v. *Bailey,* 120 *Ga.* 878 (1) (48 S. E. 324), the court did not err in directing a verdict for the claimant. See, in this connection, *Williams* v. *Herrington,* 12 *Ga. App.* 77 (1) (76 S. E. 757); *Baughman Automobile Co.* v. *Emanuel,* 137 *Ga.* 354 (73 S. E. 511, 38 L. R. A. (N. S.) 97).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED JUNE 10, 1924.

Levy and claim; from city court of Lexington—Judge Cloud. February 18, 1924.

The Broad River Lumber Company interposed a claim to certain lumber levied upon under an execution issued on the foreclosure of a laborer's lien of George Hobbs against W. A. Broach. On the trial the court, at the conclusion of the evidence, directed a verdict in favor of the claimant; to which the plaintiff excepted.

The plaintiff testified that he was employed by W. A. Broach to saw lumber for him, and, at Burch's direction, sawed the lumber in question; that it was cut from "the Mattox timber;" that he did not know whether the Broad River Lumber Company had any supervision over the work; that on the date on which the lumber was levied on, Broach was in possession; that "it was his property," and that he (the witness) was not present when the sheriff levied on the lumber.   J. W. Eubanks testified, that he was general manager and secretary and treasurer of the Broad River Lumber Company; that the lumber in question was purchased by that company on the stump, and the company hired W. A. Broach to cut and saw it

into lumber for the company, and stack it, at so much per thousand feet, and did not employ Hobbs, the plaintiff, and did not pay him and had nothing to do with him; that the witness never saw him sawing or around the mill; that the company did not employ any of the labor and had nothing to do with hiring or paying for the labor, and that Broach did not have any interest in the timber or in the lumber; that he was only entitled to his pay under the contract for sawing it; that about $200 was due him at the time of the levy; that the timber and lumber were the property of the Broad River Lumber Company, and the company was in possession of the property at the time of the levy.

It was agreed in open court between the parties "that the claimant held the timber from which the lumber levied on was cut under a written contract from Mr. and Mrs. Mattox, and the lumber was the property of claimant."

*Hamilton McWhorter Jr.,* for plaintiff.

*Irvin & Fortson,* for defendant.