### 14903.  TALLENT v. HUNTER.

1. Where supplies necessary to the operation of a sawmill are furnished to the person operating the mill, a lien therefor, as provided in the Civil Code (1910), § 3358, will not attach as against the title of a third person in the lumber sawed, who is an entire stranger to the contract under which the supplies are furnished, and whose only relation to the transaction is that of one who has furnished his own timber and has contracted with the operator of the sawmill to saw such timber into lumber for the owner.

2. Direct periodic payments by the owner of the timber of wages to the laborers at the sawmill employed by the person operating the mill, made for the purpose of facilitating the sawing of the lumber and to prevent a shutting down of the mill to the detriment of the owner of the lumber, and also advances in money made to the person operating the mill for the purpose of enabling the latter to make payments upon his account due for supplies furnished to the mill, are not such acts as would authorize any one dealing with the person operating the mill to infer that the latter, when operating the mill and sawing the lumber, was acting as agent for the owner of the lumber.

DECIDED SEPTEMBER 19, 1924.

Claim; from Columbia superior court—Judge Franklin. July 10, 1923.

*William H. Fleming,* for plaintiff in error.

*Pierce Brothers,* contra.

STEPHENS, J.  M. H. Hunter claimed a lien under § 3358 of the Civil Code (1910) for supplies furnished to a sawmill operated by W. R. Harris, and foreclosed the lien by levying upon certain lumber as the product of the mill.  J. A. Tallent interposed a claim of title to the lumber.  Upon a trial of the issue thus formed the jury found for the plaintiff.

The evidence is undisputed that Harris operated the sawmill and sawed the lumber, under contract with Tallent, from timber which belonged to Tallent, and that the title to the lumber sawed was in Tallent.  The verdict establishing the plaintiff's right to a lien upon the lumber belonging to Tallent could therefore be sustained only upon the theory that Harris, the person to whom the supplies were furnished, acted as agent for Tallent when sawing the lumber, or that Tallent by his acts had held Harris out to the plaintiff as Tallent's agent.  The only evidence tending to sustain the plaintiff's contention on the theory of agency is found in the acts of Tallent in periodic payments of the wages of the laborers of Harris for work done in operating the sawmill during

the time that Tallent's lumber was being sawed, which payments were made for the purpose of facilitating the sawing of Tallent's lumber and preventing the mill from being shut down, also in making certain advances in money to Harris for the purpose of payments on account due by Harris to the plaintiff. These acts of Tallent are perfectly consistent with the contractual relationship whereby Tallent had furnished the timber and employed Harris to saw it into lumber for him. They amounted to no more than payments to Harris by Tallent under the contract, and cannot be regarded as acts holding Harris out as Tallent's agent to saw the lumber belonging to Tallent. Tallent had no direct dealings with Hunter, and therefore the verdict for the plaintiff, finding the property subject to the lien, cannot be sustained, under the decision in *Sattes & Wimer Lumber Co.* v. *Hales,* 11 *Ga. App.* 569 (75 S. E. 898), which held as follows: "One who hauls logs to a sawmill with the knowledge and consent of the owner, who, in accepting the laborer's services, assumes to direct him as to the manner in which the logs should be cut, and what logs are to be hauled, may foreclose his statutory lien for hauling the logs upon the lumber cut therefrom, although the lienor was not employed in the first instance by the owner to haul the logs. The lien of a laborer upon the products of his labor cannot be defeated by one who has knowledge of the performance of the labor and who accepts the benefit thereof, otherwise than by proof that the lien was waived or has been discharged by payment."

The verdict for the plaintiff was therefore without evidence to support it, and the overruling of the defendant's motion for a new trial was error. See, in this connection, *Mauck* v. *Rosser,* 126 *Ga.* 268, 272 (55 S. E. 32) ; *Prince* v. *Neal-Millard Co.,* 124 *Ga.* 884 (53 S. E. 761, 4 Ann. Cas. 615) ; *Lanier* v. *Bailey,* 120 *Ga.* 878 (48 S. E. 324) ; *Reppard* v. *Morrison,* 120 *Ga.* 28 (47 S. E. 554) ; *Walker* v. *Burt,* 57 *Ga.* 20, 21; *Quillian* v. *Central R. &c. Co.,* 52 *Ga.* 374; *Hull* v. *Anderson Lumber Co.,* 17 *Ga. App.* 40 (86 S. E. 257).

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*