### 17002.  JONAS *v*. CENTRAL GEORGIA LUMBER COMPANY.

The special lien given by the Civil Code (1910), § 3335, to laborers, on the product of their labor, attaches to the property of their employers only.

DECIDED MARCH 2, 1926.

Levy and claim; from Wilkinson superior court—Judge Park. November 4, 1925.

Application for certiorari was made to the Supreme Court.

*Eli B. Hubbard*, for plaintiff.  *George H. Carswell*, contra.

LUKE, J.  B. A. Jonas filed a foreclosure affidavit alleging that he was employed by W. G. Smallwood to work and labor, that as such laborer he operated the saw at the sawmill of said Smallwood in sawing 80,000 feet of lumber, that he completed his contract, that he earned $127.00 which was due and unpaid, and that he demanded said sum from said employer and that the same had not been paid.  Central Georgia Lumber Company, a partnership composed of several persons, filed a statutory claim to 5,000 feet of lumber levied on under the lien foreclosure.  "By way of amendment and joinder of issue" the plaintiff offered an amendment substantially as follows:  (1) Claimant owned a large body of timber, and contracted with Smallwood to saw same for $7.50 per thousand feet.  (2) Smallwood employed affiant to operate said sawmill, and especially to cut said timber into lumber.  (3) After affiant had been so employed, a member of claimant's partnership who was its general manager "came to the mill where affiant was at work, and on several different occasions gave him instructions as to the size and length, width and thickness, to saw said lumber, and told him that if the lumber was not cut according to said instructions that the company would not pay for said lumber."  (4) "Said company, through its agents and managers, knew that affiant was performing the work in sawing their timber into lumber, and they never at any time gave him notice that they would not pay for his labor if done according to instructions, and they gave him instructions as to how the labor should be performed, and he performed the labor according to such instructions, with the result that the partnership property was greatly enhanced in

Logs and Logging, 38 C. J. p. 220, n. 81; p. 227, n. 24.
Master and Servant, 39 C. J. p. 220, n. 15.

value, and they accepted the services and the benefits of his labor."
(5) "The lumber levied on by virtue of said foreclosure was cut
and sawed by plaintiff, and said claimant could have deducted the
amount due him from the amount paid to affiant's employer, and
therefore, if either party should sustain a loss, it should be the
claimant rather than the plaintiff, because the claimant knowingly
accepted plaintiff's services." (6) "Defendant in fi. fa. owns no
property out of which his said lien can be satisfied, and the products
of his labor is the only thing out of which he can collect his debts."

The case was submitted to the court for decision upon the fol-
lowing agreed statement of facts: "It is agreed by the parties
that the plaintiff was in the employ of W. G. Smallwood, per-
formed the labor as alleged in the affidavit to foreclose the lien,
and that the plaintiff had not been paid for said labor, and that the
said sum as alleged in the foreclosure was and is due; that the
lumber levied upon was the products of plaintiff's labor, and that
W. G. Smallwood owned no property out of which the lien could be
satisfied; that the lumber levied upon was the property of claim-
ant, and that claimant contracted with W. G. Smallwood to saw
said lumber, and that the said claimant had paid the said W. G.
Smallwood for sawing said lumber." The court rendered judg-
ment in favor of the claimant, and the plaintiff excepted.

It will be noted that the plaintiff's amendment is in substance
and almost in words identical with the plea in *Sattes & Wimer
Lumber Co.* v. *Hales,* 11 *Ga. App.* 569 (75 S. E. 898). He con-
tends in his brief that the words in the agreement, "performed the
labor as alleged in the affidavit to foreclose the lien," had the
effect of making "the pleadings as much a part of the agreed facts
as if incorporated therein," and that therefore this case was neces-
sarily controlled by decision in the case cited above. To this we
can not accede. We think the words, "performed the labor as al-
leged in the affidavit to foreclose the lien," referred to the allega-
tions in the original affidavit of foreclosure, and that to hold as
contended by the plaintiff would be to contort, contradict, and en-
tirely change the agreed statement of facts. The judgment in
favor of claimant was demanded by the following decisions: *Lanier*
v. *Bailey,* 120 *Ga.* 878 (48 S. E. 324) ; *Tallent* v. *Hunter,* 32 *Ga.
App.* 656 (124 S. E. 361) ; *Hobbs* v. *Broad River Lumber Co.,* 32

*Ga. App.* 447 (123 S. E. 756) ; *Quillian* v. *Central R. Co.,* 52 *Ga.* 374.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*