### 17747.  POSS BROTHERS LUMBER CO. *v.* HAYNIE.

1. "The special lien given by the Civil Code, § 2793 [Code of 1910, § 3335], to laborers, on the product of their labor, attaches to the property of their employers only."
2. Where an owner of timber engages another, as independent contractor, to remove the timber from the woods and saw it into lumber, for a consideration of so much per thousand feet, according to dimensions and specifications to be furnished from time to time by the owner, and where the owner reserves no control of the business thus to be carried on by the other contracting party, and does not interfere and assume such control, servants employed by the latter for the purpose of executing the contract are not employees of the owner of the timber, and lumber manufactured from such timber is not subject to a lien in favor of such employees.
3. In such a case the owner is entitled to see that the work is performed

Logs and Logging, 38 C. J. p. 224, n. 61, 64.

Master and Servant, 39 C. J. p. 218, n. 49 New; p. 220, n. 15, 16; p. 223, n. 8 New.

in accordance with the contract, and to caution both the independent contractor and his employees against waste of the timber, and may exercise these rights as incidents of his contract with the independent contractor, without becoming liable for the wages of the latter's laborers or rendering the lumber so manufactured subject to a lien in their favor. Such acts, without more, would not amount to an assumption of control of the work, nor to an interference therewith, so as to render the owner or his property liable for the wages of such laborers.

4. Applying the above rulings, the verdict in this case was unauthorized, and the trial court should have granted a new trial.

DECIDED JULY 13, 1927.

Lien foreclosure; from city court of Washington—Judge C. E. Sutton. November 8, 1926.

*B. W. Fortson,* for plaintiff.

*Colley & Wynne, W. A. Slaton,* for defendant.

BELL, J.  J. E. Haynie, as employee of one Campbell, made an affidavit against Campbell and Poss Brothers Lumber Company as codefendants, for the foreclosure of a laborer's lien upon lumber belonging to this company. The last-named defendant interposed a counter-affidavit, and now, after verdict in favor of the plaintiff, excepts to the overruling of its motion for a new trial. The evidence showed that the lumber company owned and operated a planing mill, and that Campbell owned and operated a sawmill. The lumber company also owned a body of standing timber, which it engaged Campbell to saw into lumber at stipulated prices per thousand feet, according to the lengths and kinds to be named from time to time by the company. Campbell hired laborers to cut the timber and haul it to his mill. Haynie was foreman of the woods crew and was hired and paid by Campbell. By the terms of the contract between Campbell and the company, the latter was to pay Campbell every two weeks the amount due on the basis of the output of the mill during that time. Campbell overdrew his account with the company from time to time, and finally became so involved financially that he was forced to close down his mill, with his laborers unpaid for the last three weeks. Haynie then instituted the present proceeding, claiming that the company, through its agents, so interfered with the control of the business as to constitute this defendant his employer. The plaintiff evidently sought, both in his affidavit and in the evidence submitted, to bring his case within the rulings made by this court in *Sattes & Wimer Lumber Co.* v. *Hales,* 11 *Ga. App.* 569 (75 S. E. 898).

The only evidence on the question of interference on the part of the owner with the control of the business was testimony to the effect that an agent of the company now and then delivered to Campbell a statement of the dimensions of lumber wanted, and on two or three occasions handed such statements to Haynie or another of Campbell's employees in Campbell's presence, and would tell Campbell "to cut the timber and the woods close for the purpose of getting it all," and that Campbell "thinks" this agent also instructed the employees about "cutting the stumps close and about cutting close up into the tops." The lumber company was entitled to see that the work was performed in accordance with the contract, and had the right, as owner, to caution against waste of the timber, provided there was no interference as to the particular method by which the work was to be done or as to the means by which the given result was to be accomplished, and it was the privilege of the company to exercise such rights as incidents of the contract, without becoming liable as the master or employer of Campbell's laborers; so, assuming that the agent of this company did everything he is both said and *thought* to have done, that fact alone would not bring about the consequences which the plaintiff is seeking to establish in this case. The courts of this State have repeatedly held that "the mere fact that the employer [owner] may have had an agent who supervised the work for the purpose merely of seeing that it was done in conformity to the contract, without interfering as to the particular method in which it was to be done or the means by which the given result was to be accomplished, would not in law be such control and direction of the work by the employer as would render him responsible." *Quinan* v. *Standard Fuel Supply Co.,* 25 *Ga. App.* 47 (102 S. E. 543).

"The special lien given by the Civil Code, § 2793 [Code of 1910, § 3335], to laborers, on the product of their labor, attaches to the property of their employers only." *Lanier* v. *Bailey,* 120 *Ga.* 878 (48 S. E. 324), *Jonas* v. *Central Ga. L. Co.,* 35 *Ga. App.* 172 (132 S. E. 236). If the lumber in question was ever subject to a lien in favor of any one, it was in favor of Campbell, the contractor. *Fox* v. *Smith,* 143 *Ga.* 547 (85 S. E. 856). But Campbell has been paid, and is not complaining. Whether the present case can be distinguished from the *Salles & Wimer Lumber Co.* case, supra, and other decisions of this court cited and relied on by the

defendant in error (including *McCook* v. *Brown*, 28 *Ga. App.* 525, 112 S. E. 151; *McCook* v. *Alligood*, 28 *Ga. App.* 812, 113 S. E. 93), a judgment against the plaintiff was demanded, under the following decisions of the Supreme Court: *Breed* v. *Nagle*, 46 *Ga.* 112 (3); *Quillian* v. *Central R. Co.*, 52 *Ga.* 374; *Baughman Auto Co.* v. *Emanuel*, 137 *Ga.* 354 (73 S. E. 511, 38 L. R. A. (N. S.) 97); *Lanier* v. *Bailey*, supra; the decisions of that court having priority over the decisions of this court as precedents. The judgment in favor of the plaintiff was contrary to the evidence and to law, and the court erred in overruling the motion for a new trial. This ruling appearing to be controlling, it is unnecessary to deal with the special grounds of the motion.

See further, in this connection: *Harrison* v. *Kiser*, 79 *Ga.* 588 (4 S. E. 320); *Atlanta &c. R. Co.* v. *Kimberly*, 87 *Ga.* 161 (13 S. E. 277, 27 Am. St. R. 231; *Malin* v. *Augusta*, 29 *Ga. App.* 393 (2) (115 S. E. 504); *Lampton* v. *Cedartown Co.*, 6 *Ga. App.* 147 (64 S. E. 495); *L. & N. R. Co.* v. *Hughes*, 134 *Ga.* 75 (5) (67 S. E. 542); *Tallent* v. *Hunter*, 32 *Ga. App.* 656 (124 S. E. 361); *Hobbs* v. *Broad River Co.*, 32 *Ga. App.* 447 (123 S. E. 756); *Hardin Lumber Co.* v. *Allen*, 35 *Ga. App.* 807 (134 S. E. 799); *Zurich Gen. Accident &c. Ins. Co.* v. *Lee*, 36 *Ga. App.* 248 (136 S. E. 173); *Irving* v. *Home Acc. Ins. Co.*, 36 *Ga. App.* 551 (137 S. E. 105); Civil Code (1910), §§ 4414, 4415.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*