## 27718.   FARRAR *v.* JOYCE.

Decided September 26, 1939.

R. *Carter Pittman, Jack B. Ray,* for plaintiff in error.

*C. D. McCutchen, D. W. Mitchell,* contra.

Guerry, J. In January, 1936, W. L. Joyce filed an affidavit to foreclose a lien against Charlie Mathis for cutting logs as a laborer at the mill of Charlie Mathis, alleging that the product of such labor was certain lumber stacked at a named place. The affidavit was made to foreclose "his special laborer's lien on such property," and a "general lien on such other property as said employer may have." Execution was issued thereon, commanding the sheriff to levy on the property of Charlie Mathis. Levy was made in January, 1936. W. B. Farrar filed a claim to the property levied on, consisting of lumber sawed and stacked. At the trial of the case in February, 1939, Joyce filed an amendment alleging "that W. B. Farrar was the owner of the timber which Joyce cut and logged, and that W. B. Farrar had knowledge that the said W. L. Joyce was cutting and logging said sawmill, and that W. B. Farrar accepted the services of the said Joyce." This amendment was allowed over the objection that it "added a new and distinct party defendant in the foreclosure proceedings, changed the cause of action, and set up irrelevant and immaterial matters." Exceptions were taken to this order.

"A claim case carries with it no question save that of title." *Commercial City Bank* v. *Sullivan,* 18 *Ga. App.* 608 (7) (90 S. E. 173). The property in the present case was levied on as the property of Mathis. Farrar filed a claim thereto. The issue thus formed was whether the property belonged to Mathis or whether it belonged to Farrar. If it belonged to Farrar it was not subject to the levy of an execution against Mathis. If, as alleged by the amendment, Farrar was the owner of the property, the foreclosure against Mathis fell of necessity. It is true that a claim case is in the nature of an equitable remedy, and that it may be amended just as any equitable case may be amended. The Code, § 81-1303, declares: "No amendment adding a new and distinct cause of action or new and distinct parties shall be allowed unless

expressly provided for by law." The plaintiff evidently relied on the decision in *Sattes & Wimer Lumber Co.* v. *Hales,* 11 *Ga. App.* 569 (75 S. E. 898). In that case Hales foreclosed his statutory lien against Spears, and had execution levied on certain logs. Sattes & Wimer Lumber Company filed a claim; and an amendment was allowed, setting up that the plaintiff cut the timber on which he claimed the lien after being employed by an independent contractor; that the work was done under the direction and control of the claimant, a non-resident of the State of Georgia; that the defendant in fi. fa. was insolvent, and that the plaintiff was without adequate remedy at law. No such state of facts appears in the present case. So far as this court knows, all parties are resident, and Mathis is solvent.

The affidavit of foreclosure and the execution issued thereon become final process unless arrested by the filing of the statutory counter-affidavit as provided in the Code, § 67-2401 (6) : "If the person defendant in such execution or any creditor of such defendant shall contest the amount or justice of the claim or the existence of such lien, he may file his affidavit of the fact, setting forth the grounds of such denial, which affidavit shall form an issue to be returned to the court and tried as other causes." The execution issued on such affidavit of foreclosure against Mathis became a final process unless and until Mathis filed a counter-affidavit. *Kennedy* v. *Miller,* 179 *Ga.* 234 (175 S. E. 588). A general judgment in such a case can not be rendered unless a replevy bond be given. *Argo* v. *Fields,* 112 *Ga.* 677 (37 S. E. 995); *Turner* v. *Priest,* 48 *Ga. App.* 109 (3) (171 S. E. 881). Although the proceeding before the filing of a counter-affidavit and the giving of a replevy bond may in effect be a proceeding in rem, it is not such a proceeding as may be amended by making a claimant of the property levied on a defendant in fi. fa. unless some equitable reason be shown therefor. In the *Hales* case, supra, it was alleged that the claimant was a non-resident; that the defendant in fi. fa. was insolvent; and that the plaintiff in fi. fa. was without legal remedy unless a court of equity took jurisdiction for all purposes, the claimant having submitted to the jurisdiction of the court. See also *George W. Muller Bank Fixture Co.* v. *Georgia State Savings Asso.,* 143 *Ga.* 840 (85 S. E. 1018). It will be noted that the *Hales* decision was overruled in *Poss Lumber Co.* v. *Haynie,* 37 *Ga. App.* 60, 63

(139 S. E. 127). It follows that the court erred in allowing an amendment which allowed the substitution of the claimant as a defendant in fi. fa. which was the effect of the amendment. One phase of the case submitted to the jury was whether Farrar was indebted to Joyce because Farrar was the owner of the property. No demand was alleged ever to have been made on Farrar for payment, before making the counter-affidavit, or within one year after the alleged debt became due. The demand made was on Mathis, who was alleged to have been the owner. To allow the substitution of such a party defendant is violative of the plain provisions of the Code section quoted above.

Moreover, in submitting the case to the jury the court erred in charging: "One who hauls logs to a sawmill with the knowledge and consent of the owner, who in accepting the laborer's services assumes to direct him as to the manner in which the logs should be cut, and what logs are to be hauled, may foreclose his statutory lien for hauling the logs upon the lumber cut therefrom, although the lienor was not employed in the first instance by the owner to haul the logs. The lien of a laborer upon the products of his labor can not be defeated by one who has knowledge of the performance of the labor and who accepts the benefit thereof, otherwise than by proof that the lien was waived or has been discharged by payment." The evidence disclosed that Farrar bought the timber and hired Mathis to cut it into lumber and stack it. Farrar knew that Joyce was working at the sawmill. Joyce said that Mathis hired him, and he agreed with Mathis as to the amount paid him, and Farrar refused to pay him except he "get a showing from Mathis;" and "at one time he [Farrar] had us to change the length of the logs which he wanted cut longer. Mathis did the rest of the time." Such evidence was insufficient to submit to the jury an issue on the question of whether the owner had the right, or assumed the right, to control the employees of a subcontractor. For a discussion of this subject see *Bentley* v. *Jones*, 48 *Ga. App.* 587 (173 S. E. 737). Under the decision in *Poss* v. *Haynie*, supra, the special lien of laborers given by the Code attaches to the property of their employers only. If Mathis was an independent contractor to cut the timber into lumber at an agreed price per thousand feet, an employee hired and controlled by Mathis had no lien on the lumber cut and sawed by Mathis as

against the claim of the owner. A direction to Mathis or his employees that the lumber be cut into certain lengths was not an assumption of control over the employees of Mathis, so as to make such employees the employees of the owner. The court erred in allowing the amendment over the demurrer, and in overruling the motion for new trial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*