28113. CUMMINGS *v.* ADAMS, administrator.

DECIDED JUNE 28, 1940. REHEARING DENIED JULY 26, 1940.

*G. C. Robinson,* for plaintiff. *A. A. Marshall,* for defendant.

BROYLES, C. J. Richard Cummings instituted proceedings to foreclose a laborer's lien on certain farm products alleged to have been produced by him while working as a share-cropper for E. J. Wilson in the year 1934. After filing his counter-affidavit and giving the requisite bond, Wilson died, and his duly-appointed administrator, C. A. Adams, was made defendant in his stead. Adams amended the counter-affidavit; and after both parties had introduced evidence, the court directed a verdict for the defendant. Within due time Cummings filed his motion for new trial containing the general grounds and subsequently amended the motion by adding two special grounds, the first of which assigns error on the

direction of the verdict, and the second on the ruling out of certain testimony of the movant.

The affidavit of foreclosure avers that in the year 1934 the affiant grew to maturity on Wilson's farm cotton, corn, peanuts, sweet potatoes, and cane, of the gross value of $769.40, and that one half of that sum, less stated advances and affiant's half of the cost of ginning, left "a net balance due affiant of . . $304.60;" that "after having performed his part of the contract affiant is refused his share of said crops to the amount of $304.60, although same is past due and has been demanded of said landlord;" that "all the advances have been paid, in that all of the cottonseed, . . peanuts, and . . seed cotton have been sold by the landlord . . and the money retained by him, and the other property has been taken charge of by . . Wilson, and he has . . demanded that affiant immediately remove from the place, and refused to pay affiant the sums due him or to give to affiant one half of the unsold crops;" that "the cotton aforesaid is in the McKenzie warehouse . . ; and that all of the crops have been gathered except the one-half acre of sweet potatoes and the three-fourths acre of cane; and that the landlord refuses to permit affiant to gather the property, but . . has ordered him to remove himself from the premises;" and that "affiant makes this affidavit within the time allowed by law, for the purpose of foreclosing his general lien upon the property of . . Wilson, as well as for the purpose of foreclosing his special lien on . . the products of his labor as described in this affidavit." An execution issued and was levied on seven bales of cotton of stated weights, and "about ½-acre of cane and about ¼-acre of potatoes," as the property of Wilson. Wilson's counter-affidavit is substantially as follows: 1. He "is not indebted to the plaintiff . . in the sum claimed, nor in any sum whatever. 2. Deponent denies that any demand for payment has been made upon him. 3. Deponent denies that said Cummings faithfully performed and completed his contract, in that he" so negligently worked the crops that "a crop was raised which was 33⅓ per cent. as large as the same would have been had . . plaintiff faithfully performed his contract." The amendment to the counter-affidavit, made by C. A. Adams as administrator of E. J. Wilson, is substantially as follows: "4. Deponent denies that any obligation or debt was matured and due Richard Cummings by E. J. Wilson at the time of filing his affida-

vit to foreclose a lien. . . 5. No demand for the payment of any debt or obligation due Richard Cummings by E. J. Wilson has been made upon E. J. Wilson after the maturity thereof, and before filing above affidavit. . . 6. No assets have come into the hands of deponent as administrator of the estate of . . Wilson, and this defendant has been unable to obtain anything with which to pay any indebtedness due . . Wilson. . . 7. Deponent denies that plaintiff has performed such labor as to be . . entitled to a lien against this defendant or against . . Wilson in any sum whatever."

Because of the patent materiality of the evidence ruled out over the objections of the plaintiff, the second special ground will be considered first. In that ground error is assigned because the court ruled out certain testimony as to transactions and communications had by movant with E. J. Wilson. This testimony related to the terms of the contract between movant and Wilson, the advances made by Wilson to movant in 1934, and the demand alleged to have been made by movant for the money claimed to be due him. The part of the testimony relating to the demand was as follows: "At the time I was run off the place I demanded of Mr. Wilson the money due me that he refused, and about a dozen times after I was run off and before I filed this suit I demanded of him the money due me, but he refused to pay me." It is evident that this evidence was ruled out under authority of the Code, § 38-1603(1), which declares that "Where any suit shall be instituted or defended by . . the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the . . deceased person as to transactions or communications with such . . deceased person whether such transactions or communications were had by such . . deceased person with the party testifying or with any other person." Counsel for the plaintiff insists that the following ruling in *McLendon* v. *Baldwin,* 166 *Ga.* 794 (144 S. E. 271), leads inevitably to the conclusion that the judge erred in ruling out the evidence referred to: "Paragraph 1 of section 5858 of the Civil Code [§ 38-1603(1)] is not to be so extended by construction as to embrace cases not strictly within its letter. When a plaintiff institutes a suit and dies pendente lite, and his executor is made a party in his stead, such suit is not one instituted by the executor, and the surviving defendant

is not incompetent to testify as to transactions or communications with the deceased plaintiff." The question whether, as contended by counsel for defendant, the foregoing ruling is in conflict with the older cases of *Sivell* v. *Hogan,* 115 *Ga.* 667 (42 S. E. 151), *Carroll* v. *Barber,* 119 *Ga.* 856 (47 S. E. 181), and *Willis* v. *Bonner,* 136 *Ga.* 720 (71 S. E. 1048), need not be determined by this court. Suffice it to say that there are decisions later than the one rendered in the *McLendon* case, which bear more *directly* upon the question at issue than does that case. One of these is *Forrester* v. *Denny,* 172 *Ga.* 309 (157 S. E. 481). It appears from the record in the office of the clerk of the Supreme Court, that R. R. Forrester filed suit against R. A. Denny Sr., and others, on February 23, 1929; that the defendants filed their answer to the suit on March 9, 1929; that on January 13, 1930, the presiding judge passed an order reciting that Denny had died since the institution of the suit, and making his executors parties defendant in his stead; and that the case was tried in January, 1930. It was held in that case that "The court did not err in rejecting testimony as to declarations made by Denny, the defendant, to Forrester, the plaintiff Denny being dead."

We quote from *Holmes* v. *Maddox,* 175 *Ga.* 365, 374 (165 S. E. 92), as follows: "Mrs. Victoria Holmes, the plaintiff, testified to certain transactions and communications which had occurred between herself and the defendant in the action as originally brought. However, before the trial the defendant, B. F. Maddox, died, and W. D. Maddox had qualified as his administrator and been made a party. As will be seen from the statement of facts, the action is one in which Mrs. Holmes asks for injunction and the setting aside of a deed executed by her to Maddox. . . At the conclusion of the testimony the court excluded all the testimony delivered by Mrs. Holmes and her husband, J. L. Holmes." After quoting from the Code, § 38-1603, which provides, in part, that every person offered as a witness "shall be competent and compellable to give evidence on behalf of either or any of the parties to the said suit," and the part of § 38-1603(1) which is applicable to the instant case, the court said: "As there are portions of the evidence of Mrs. Victoria Holmes which do not relate to any transactions or communications with Maddox, the court erred in ruling out these portions of her testimony when he excluded all of her testimony. . .

None of petitioner's evidence should have been excluded under the objections offered, unless it clearly appeared that this portion of the evidence related to transactions and communications between the petitioner and the intestate." Both of the decisions last referred to were rendered by a unanimous bench, and both involved situations where a *defendant* died pendente lite and a personal representative had been appointed to defend the action. We think those decisions support our conclusion that the judge in the instant case properly ruled out the testimony of the plaintiff as to transactions and communications had by him with E. J. Wilson, the original defendant, who had died pendente lite, and whose administrator had been made party defendant in his stead. Furthermore, § 38-1603(1), supra, has reference to suits *instituted* or *defended* by the personal representative of a deceased person; and construing the section strictly, as it must be, Adams, the administrator of the original defendant, *defended* the suit after he was made a party defendant, even though he did not originally do so. We hold that the evidence of the plaintiff was properly rejected.

As previously stated, the plaintiff assigns error on the direction of the verdict for the defendant. Code § 67-2401(1), relating to the foreclosure of liens on personal property, reads: "There shall be a demand on the owner, agent, or lessee of the property for payment, and a refusal to pay, and such demand and refusal shall be averred. If, however, no such demand can be made, on account of the absence from the county of his residence of the party creating the lien on personal property, by reason of removal or absconding from the same, or other acts showing an intention to be absent to defeat such demand, the party holding such lien shall not be obliged to make a demand, or affidavit thereof, but may foreclose without such demand, by stating on oath, why no such demand was made." In *Newman* v. *Cash,* 47 *Ga. App.* 39 (169 S. E. 520), involving the foreclosure of a laborer's lien, this court said: "In the present case the evidence of plaintiffs in the justice's court did not show a demand; and the defendant having denied such a demand, the verdict finding in favor of the lien was contrary to law." In *Hutson* v. *Sutton,* 10 *Ga. App.* 844 (74 S. E. 447), involving a lien foreclosure, this court said: "Testimony by the defendant during the trial, that if demand had been made payment would have been refused, will not dispense with proof of demand." It is

therefore apparent that the above-quoted Code section requires that the requisite demand must be both averred in the foreclosure affidavit and *proved,* or excused as provided therein. The foreclosure affidavit in the instant case alleges a demand, and both the original counter-affidavit and the amendment thereto specifically deny that such demand was made. We have examined carefully the counter-affidavit as amended, and can find nothing therein which amounts to a waiver of demand. We can not agree with counsel for the plaintiff that the following testimony of the movant shows a waiver of demand: "'I gathered all of the cotton, corn, and peanuts and delivered the same to Mr. Wilson. Did not gather the cane and sweet potatoes. Mr. Wilson did not permit me to gather them, ordered me not to. After I gathered the cotton, corn, and peanuts and delivered all to Mr. Wilson, he ordered me not to gather the cane and sweet potatoes, and ordered me to move off of the land." While this evidence tends to show a waiver of the *complete performance* of the contract, it does not show a waiver of the *requisite demand.* The following ruling in *Ballard* v. *Daniel,* 18 *Ga. App.* 449 (2) (89 S. E. 603), does not conflict with our conclusion that a demand was not proved, admitted, excused, or waived in the instant case: "Under the facts disclosed by the record it was not incumbent upon the plaintiff to show that she had made a demand upon her employer for her part of the crop illegally withheld from her, as the employer by his conduct had, if not expressly, at least impliedly, waived such a demand." Indeed, a casual reading of the original record in the *Ballard* case shows the wide difference between "the facts" of that case and the case sub judice.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*