### 35195. BROWN *v.* PHILLIPS.

QUILLIAN, J. 1. In an action to foreclose a laborer's lien the plaintiff must allege and prove a demand upon the defendant for the amount claimed and a refusal by the defendant to pay. Code § 67-2401. Accordingly, in this action to foreclose a laborer's lien in the amount of $1,072, where a demand is alleged in the affidavit and denied in the counter-affidavit, and where on the trial all the evidence of the plaintiff as to demand was that contained in his testimony that he had had a discussion with the defendant as to how much was due and in that discussion the plaintiff said to the defendant, "if you want to settle off with me now, I'll take $400 of what you owe me," and the defendant offered plaintiff $30 and said, "I'll give you the rest later," and where the plaintiff testified further in this connection that the only demand made upon the defendant was at the time when he offered to settle with the defendant—referred to above—the evidence fails to show an affirmative positive unequivocal demand by the plaintiff and refusal by the defendant to pay the amount claimed, and to this extent the evidence failed to authorize the judgment for $1,000 in favor of the plaintiff, rendered by the judge of the trial court sitting without a jury, and the judge erred in overruling the motion for a new trial on the general grounds. *Farrar* v. *Joyce*, 60 *Ga. App.* 675 (2) (4 S. E. 2d 708); *Cummings* v. *Adams*, 63 *Ga. App.* 74 (2) (10 S. E. 2d 106).

2. The special grounds of the motion are merely elaborations of the general grounds and are without merit. Under the rulings in *Bluthenthal & Bickart* v. *Bennefield*, 127 *Ga.* 444 (1) (56 S. E. 517, 119 Am. St. R. 350); *Aronoff* v. *Woodard*, 47 *Ga. App.* 725 (4) (171 S. E. 404), and *Williams* v. *Kelley*, 78 *Ga. App.* 699 (51 S. E. 2d 696), the evidence was sufficient to show that the plaintiff was a laborer and entitled to a laborer's lien.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*

DECIDED SEPTEMBER 24, 1954.

*Edward T. Brock, Jr.,* for plaintiff in error.
*Harold Sheats, Paul B. Huckeby,* contra.