45961.   GIBBS v. GRIFFIN et al.

JORDAN, Presiding Judge. Gibbs asserted a lien of $1,334 as "a mechanic, a contractor, subcontractor, laborer and materialman" against Griffin, Roland, Robinson, and Fred, Incorporated

"for building, laboring and furnishing labor and material, contracting and subcontracting to manufacture" described tables, a change counter, and desks, which he sought to foreclose under *Code* § 67-2401. The property was levied upon as the property of Griffin and Roland.

By counter-affidavit Griffin and Roland denied the indebtedness, any demand for payment, or any contract whatsoever with Gibbs to pay him for material or equipment. They further stated that they had bought the equipment from Fred, Incorporated, and had paid "more than the full value of the same." Robinson and Fred, Incorporated, filed no pleadings.

It appears to be undisputed under the evidence that Griffin and Roland, or Griffin, acting for Lee Plantations, Incorporated, contracted with Robinson or Fred, Incorporated, to manufacture the equipment; that Gibbs, as an employee of Robinson or Fred, Incorporated, designed and constructed the equipment, which was then delivered to Griffin and Roland or Lee Plantations, Incorporated. Griffin testified that the contract provided for a payment "I believe it was $2,600," but that he only paid $1,600, and in the transcript there is a mention of litigation between the defendants, or some of them, but not involving the plaintiff as a party, over an amount claimed as still due under the contract.

Gibbs testified that Fred (either Fred Robinson or Fred, Incorporated) had paid him the equivalent of $550, and that the amount still owed for the work was "$780 the way I figure it" although he considered $1,334 a fair and reasonable charge to Robinson or anyone else for his work.

The trial judge directed a verdict in favor of Griffin and Roland, and Gibbs appeals from the judgment thereon. *Held:*

1. The trial judge did not err in refusing to allow counsel to elicit from Griffin on cross examination whether he obtained an affidavit from the seller stating that all subcontractors, materialmen, and laborers had been paid, or what precautions he may have taken to determine that Gibbs or anyone else had been paid for making the equipment. The protective affidavit under *Code* § 67-2001, as amended, relates to the improvement of real estate, and is not for application in respect to a lien on per-

sonal property, and there is no merit in the contention of counsel that the rulings deprived him of a thorough and sifting cross examination on the issues in the case.

2. The posture of the case as tried in the lower court eliminates any necessity for consideration of a laborer's lien under *Code* § 67-1801. The case, as argued in the brief here, is restricted to the issue of a mechanic's special lien under *Code* § 67-2003, as amended. The evidence is clear that the plaintiff was merely an employee of the manufacturer who contracted to make the equipment for others. "It was the intent, and it is the plain meaning, of section 1981 of the Code [presently *Code Ann.* § 67-2003, as derived from Ga. L. 1873, pp. 42, 44 as amended] to give the lien to the manufacturer or repairer—he who controls the work, has the shop—and not to the workmen." *Quillian v. Central R. & Bkg. Co.*, 52 Ga. 374, 375. Also see *Lanier v. Bailey*, 120 Ga. 878 (48 SE 324). Thus under the uncontradicted evidence and the applicable law a verdict was demanded as directed by the trial judge, and no error appears for any reason argued and insisted upon.

> *Judgment affirmed. Quillian and Evans, JJ., concur.*
> SUBMITTED FEBRUARY 2, 1971—DECIDED FEBRUARY 25, 1971.

*Jack W. Carter*, for appellant.
*Virgil D. Griffis*, for appellee.